S. & B. Rubber & Chemical Corp. and Harold Becher, Respondents, v. Jacob Stein, Individually and as Doing Business under the Trade Name and Style of Climax Rubber Co., Appellant.— In an action to obtain specific performance of a contract, the defendant moved for dismissal of the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The motion was denied. Order affirmed, with fifty dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

Caroline Schubart, Respondent, v. Hotel Astor, Inc., Appellant.— Action for damages for personal injuries sustained by the plaintiff when she was passing through a revolving door at an entrance to the defendant's hotel. The issues were submitted to the jury, which rendered a verdict in favor of the plaintiff. From the judgment entered upon that verdict, and also from an order denying defendant's motions to dismiss, made, respectively, at the close of the plaintiff's case and at the close of the entire proofs, defendant appeals. Judgment affirmed, with costs. Appeal from order dismissed. Plaintiff was a guest at defendant's hotel on the evening of the day of the Army-Notre Dame football game — November 16, 1935. The Army team was stopping at the same hotel. A large number of people congregated in the corridors. They were laughing, joking, quite gay and hilarious. The plaintiff was injured when certain other guests, running, knocked her to the floor of the lobby by pushing a revolving door violently against her. There was no attendant at the door, supervising its operation. Defendant offered no evidence as to the accident. It contends that the denial of its motion to dismiss the complaint was error. In the circumstances disclosed, the case was properly submitted to the jury, implicit in whose verdict is a finding that the defendant failed to exercise ordinary care. Hagarty, Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., dissents and votes to reverse and to dismiss the complaint on the ground that defendant hotel was not required to guard its guests against the sudden and unexpected prank of hoodlums. [168 Misc. 431.]

Harry L. Sontag, Respondent, v. Daniels & Kennedy, Inc., Appellant.— Action to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant in the operation of an automobile truck which collided with a parked taxicab in which the plaintiff was seated. The issues were tried and submitted to the jury, which rendered a verdict in favor of the plaintiff, upon which judgment was entered. Defendant appeals. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Davis, Adel, Taylor and Close, JJ.