MARTIN A. TYRRELL, JR., Plaintiff, v. JOHN QUIGLEY, Defendant.

Supreme Court, Special Term, Kings County, January 19, 1946.

*Hugh J. O'Rourke* for defendant.

*Thomas O'Rourke Gallagher* for plaintiff.

SMITH, J. The complaint, which has been challenged upon this motion for legal insufficiency, charges that while plaintiff was lawfully in a bar and grill owned by defendant he was injuriously assaulted by a female patron who " was served intoxicating beverages by the defendant or his employee after she had imbibed to such an extent as to become obstreperous, boisterous and prone to violent action " and that " defendant and said employee well knew said patron and the reaction of intoxicating beverages upon her ". Broadly construed, these allegations possibly warrant a conclusion that the beverages were sold by the defendant to the said female patron while she was in a state of actual or apparent intoxication and that the injury which was inflicted upon plaintiff occurred in consequence of such intoxication. I am of the opinion that sufficient has thus been alleged to constitute a cause of action pursuant to the provisions of section 65 of the Alcoholic Beverage Control Law and section 16 of the Civil Rights Law. The sale of an alcoholic beverage to " Any intoxicated person or to any person, actually or apparently, under the influence of liquor " is rendered unlawful by section 65 of the Alocholic Beverage Control Law (subd. 3). Section 16 of the Civil Rights Law provides that: " Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication * * *."

The above statutes do not constitute the sole source upon which might be predicated the instant cause of action. Under

the particular facts as here alleged the action is maintainable also at common law. This is true for the reason that the defendant was bound to use reasonable care to protect his patrons from injury at the hands of a vicious individual whom allegedly he knowingly permitted to be in and about his place of business. The applicable rule is referred to in Restatement of the Law of Torts (Vol. 2, § 348, pp. 953–956) wherein it is expressly pointed out that in the exercise of reasonable care the owner of a public place has a " *Duty to police the premises* " and to furnish a sufficient number of servants to afford reasonable protection " if the place is one or the character of the business is such " that the owner should anticipate the presence thereon of disorderly persons generally or at any particular time. (See, also, *Schubart* v. *Hotel Astor, Inc.*, 168 Misc. 431, 437, affd. 255 App. Div. 1012, affd. 281 N. Y. 597.)

Motion to dismiss denied.

The alternative relief which defendant seeks will be granted to the extent of directing that paragraph " Third " of the complaint, which consists wholly of conclusions of law, be stricken out. The other allegations, to which objection has been specifically made, are of ultimate facts and are therefore legally sufficient. Motion denied as to the latter. Settle order on notice.