Action to recover damages for personal injuries. Plaintiff claims that she fell and was injured at the foot of an escalator on what is called the balcony of the defendant’s department store as the result of the defendant’s negligence in failing to supervise and keep orderly the movements of shoppers on the balcony. There is no claim of structural defect. Judgment in favor of the plaintiff and against the defendant reversed on the law and the facts and a new trial granted, with costs to abide the event. The verdict was contrary to the weight of the credible proof. The defendant was bound to exercise care commensurate with the dangers to be apprehended. (Berlin V. City of New York, 266 App. Div. 668, affd. 291 N. Y. 595; Bchubart v. Motel Astor, Inc., 168 Mise. 431, affd. 255 App. Div. 1012, affd. 281 N. Y. 597.) Upon this record, that obligation did not involve the placing of guardrails at the foot of the escalators, and the proof of such custom by plaintiff’s witness, an architect, received over defendant’s objection and exception, was erroneous in that it was contrary to the law of the case, in view of the concession and the court’s charge that there was no claim of structural defect. Lewis, P. J., Adel and Nolan, JJ., concur; Hagarty, J., concurs in the reversal of the judgment, but dissents as to the granting of a new trial, and votes to dismiss the complaint, on the authority of Wein v. Woolworth0 Co. (223 App. Div. 794); Serlin v. City of New York (266 App. Div. 668, affd. 291 N. Y. 595) and Berwanger v. City of New York (296 N. Y. 711); Aldrich, J., deceased.