ANTONIE CEJKA, Respondent, *v.* R. H. MACY & CO., INC., Appellant.

First Department, May 14, 1957.

*Samuel E. Swiggett* of counsel (*Hartsell, Reilly, Harrington & Jacobs,* attorneys), for appellant.

*Irving Payson Zinbarg* of counsel (*Martin M. Mandell,* attorney), for respondent.

*Per Curiam.* Plaintiff, an elderly woman, was injured while leaving the defendant's department store through a revolving door. The accident occurred when a young man stepped into the same compartment occupied by plaintiff, directly behind her, and propelled the door faster than it had theretofore been moving. He was able to emerge safely when the opening appeared but the plaintiff had insufficient time to do so and instead was struck by the door and thrown to the sidewalk thereby sustaining her injuries.

The learned court below in granting judgment for the plaintiff held that the defendant was negligent in not having placed a guard or guards at the exit, holding that it should have anticipated that on the day of the accident large crowds would come to its store because of the announcement in the newspapers of tremendous sales to be held on that day.

It is quite true, as the court held, that it was the duty of the defendant to use " all reasonable care to protect the [plaintiff] from injuries reasonably to be anticipated," and that the defend-

ant should have foreseen that large crowds might gather as a result of the advertisement of these special sales. It is also true that it would have been the duty of the defendant to place guards at the doors for the protection of its patrons if circumstances prevailing at the time made it necessary to do so. However, if at the time of the accident there was in fact no unusual overcrowding, no congestion at the door and no unruliness on the part of other patrons, and if the accident was caused by the unexpected and uncalled-for rudeness of a stranger then the mere fact that there were no guards at the door does not furnish a basis for holding the defendant guilty of negligence.

The evidence, giving full credence to plaintiff's own testimony, falls far short of establishing any of those conditions. There was no such overcrowding as would require the placing of a guard at each exit. There was not the slightest suggestion in the evidence that the persons entering or leaving the store were acting in an improper manner (cf. *Schubart* v. *Hotel Astor,* 168 Misc. 431, affd. 255 App. Div. 1012, affd. 281 N. Y. 597). In that case a judgment was allowed on the theory that the defendant hotel should have anticipated that on a Saturday night, after an Army-Notre Dame football game — the hotel was headquarters for the Army faction — there would be unruly and boisterous crowds of people using the revolving door entrance, and consequently should have taken precautions to protect others using the door. The accident there resulted from the rowdy actions of two young men. The judgment here may not be sustained on the authority of that case, for here proof is lacking that there was any unusual overcrowding or that Macy's patrons were acting or might have been expected to act in an unruly or boisterous manner. In fact, the plaintiff testified that she entered the compartment without difficulty. There was no evidence that there was any congestion about the door or even that there was a line waiting for exit so that one might anticipate that an impatient patron would attempt to jump into another's compartment out of his turn. The evidence in this case would tend to establish that plaintiff's accident was not caused by any negligence or dereliction of duty on the part of defendant, but rather by the inconsiderate and unexpected conduct of another patron.

The judgment should be reversed and complaint dismissed, without costs.

PECK, P. J., BREITEL, BOTEIN, RABIN and BERGAN, JJ., concur.

Judgment unanimously reversed, without costs, and the complaint dismissed. Settle order on notice.