404 So.2d 123 (1981)
Robert Arnold WHITE, Appellant,
v.
PALM BEACH COUNTY, Florida et al., Appellees.
Brian LINSEN, Appellant,
v.
PALM BEACH COUNTY, Florida et al., Appellees.
Nos. 80-640, 80-1360.
District Court of Appeal of Florida, Fourth District.
March 18, 1981.
*124 Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellant.
Melanie C. Jacobson, Asst. County Atty., West Palm Beach, for appellees.
Jeff Tomberg, Boynton Beach, for appellant.
BERANEK, Judge.
These appeals seek reversal of the trial courts' dismissals of two separate complaints with prejudice based on a finding that neither complaint stated a cause of action. We affirm in part and reverse in part.
The White complaint alleged that Robert White, while a prisoner in the Palm Beach County Jail, was the victim of physical violence and sexual abuse by fellow prisoners. The complaint contained three counts, one each against the prisoners, the Sheriff and the County. The latter count generally alleged that Palm Beach County, as owner of the jail, had failed to use reasonable care in construction and maintenance of the jail thus causing the assaults upon plaintiff. The specific allegations can be divided into two categories. First, the physical configuration of the cells was such that jail guards could not exercise adequate surveillance. Second, the various facilities within the jail were alleged to be improperly constructed and maintained creating a substantial dehumanizing influence upon the prisoners. The facilities alleged to be inadequate were toilets and showers, food, recreation, and floor space.
The Linsen complaint similarly alleged that Brian Linsen was assaulted while a prisoner in the Palm Beach County Jail. This complaint contained counts against the County and the Sheriff. The County was alleged to own, maintain and be responsible for the condition of the jail. The County's alleged negligence included provision of an inadequate facility, insufficient funding, failure to separate dangerous inmates, and no surveillance system. The complaint contended the County had knowledge of the unsafe condition and assaults upon plaintiff.
Based upon Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), the trial court in each case found that the alleged acts of the County were within the still protected sphere of the sovereign immunity doctrine as set forth by the Florida Supreme Court and dismissed the County as a defendant. Commercial Carrier holds that although the Legislature has waived sovereign immunity on a broad basis, certain discretionary governmental functions remain immune from tort liability. The Court discarded the general duty  special duty test in Modlin v. City of Miami Beach, 201 So.2d 70 (Fla. 1967) and adopted the operational/planning analysis in Johnson v. State, 69 Cal.2d 782, 73 Cal. Rptr. 240, 447 P.2d 352 (1968) in identifying those discretionary governmental acts which remain immune. Under this analysis operational level decisions and actions are not immune while decisions at the planning level remain immune.
We conclude that the trial court here erred in dismissing both complaints with prejudice because in each complaint allegations are present to the effect that Palm Beach County was involved in the actual operation of the jail. It is alleged that both the Sheriff and the County engaged in actual joint operation of the facilities. We conclude that the trial court erred because, if the County was involved in the actual operation of the jail, this conduct is not protected by the sovereign immunity doctrine enunciated in Commercial Carrier Corporation v. Indian River County, supra. This conduct would be an operational, not a planning function.
*125 In so ruling we are cognizant of Section 30.49, Florida Statutes (1979). Under this statute the Sheriff, an independent constitutional officer, has the duty to submit a proposed budget each year showing "the estimated amounts of all proposed expenditures for operating and equipping the sheriff's office and jail other than construction repair, or capital improvements of county buildings during the said fiscal year." The parties agree that this is the statutory source of the sheriff's duty to operate the jail.
Without reference to the foregoing statute, the First District found the respective duties of County and Sheriff consistent with the statute. Baugher v. Alachua County, 305 So.2d 838 (Fla. 1st DCA 1975). In that case plaintiff sued the County and Sheriff of Alachua County for the death of the plaintiff's son who was murdered by a fellow prisoner while incarcerated in the County Jail. The trial court dismissed the complaint against the County on the grounds that the Sheriff had custody of and responsibility for the prisoners. The First District Court of Appeal affirmed holding:
However, the operation of that facility and the control and custody of the inmates therein incarcerated are in the hands of the sheriff. That the defendant County has a duty to provide funds for the operation of the jail can hardly be the basis for holding that it thereby becomes responsible for the day-to-day designation of which prisoners are to be placed in particular cells within the jail. That is the duty and responsibility of the sheriff.
While the County did not have a legal duty to participate in the operation of the jail, liability may be imposed upon the County and a cause of action stated where the County has actually assumed this duty by participating in the operating functions of the jail.
A major portion of both complaints is generally to the effect that Palm Beach County Jail is old, inadequately funded and overcrowded. It is asserted that these conditions contributed to the injuries complained of by both plaintiffs. Although phrased in terms of "operation and maintenance" in the complaints, what is actually being asserted is a failure on the part of the County to build a new jail in the face of the obvious inadequacies of the old jail. It may well be the duty and responsibility of Palm Beach County to provide a new jail under the circumstances now existing in that County. We take judicial notice that the population and the crime rate have drastically increased in Palm Beach County in the last 15 years and that the number of persons required to be incarcerated in the Palm Beach County Jail facility has drastically increased. Although a new jail may be necessary, we conclude that the decision whether or not to build one is a planning function. Decisions in this regard remain a discretionary governmental act still within the sovereign immunity doctrine as enunciated in Commercial Carrier. As such, any aspects of the complaint based upon the inadequacies of the jail caused by the jail's inability to adequately house a population larger than it was originally intended for are within the protection of the sovereign immunity doctrine.
The judgment below is reversed and the cause remanded for further proceedings on the cause of action which is limited to the results of the County's actual operation of the jail facilities. The County may be held responsible if its activities in the jail operation were negligent and resulted in the injuries complained of. These further proceedings shall include the filing of amended complaints limiting the cause of action as stated herein.
REVERSED AND REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.