436 So.2d 33 (1983)
James STEVENS, Jr., Petitioner,
v.
Patricia JEFFERSON, As Personal Representative of the Estate of Earl Sidney Jefferson, Sr., Deceased, Respondent.
No. 61651.
Supreme Court of Florida.
June 2, 1983.
Rehearing Denied September 9, 1983.
*34 Robert L. Appleget, Jr. of Black, Meffert, Landt, Appleget & Wiechens, Ocala, for petitioner.
William H. Phelan, Jr. of Bond, Arnett & Phelan, Ocala, for respondent.
John F. Bennett of Fishback, Davis, Dominick & Bennett, Orlando, for the Florida Restaurant Association; and Dennis E. LaRosa, Tallahassee, for Independent Beverage Dealers, Inc., amici curiae.
McDONALD, Justice.
We accepted jurisdiction in this cause because the per curiam affirmance[*] by the district court indicated contrary authority. We have jurisdiction pursuant to article V, section 3(b)(3) of the state constitution.
Earl Sidney Jefferson was shot and killed in a bar by a fellow patron. Stevens owned and operated the bar. Jefferson's widow alleged and proved that previously there had been numerous shootings and fights in the bar, that the owner had failed to train or equip employees to maintain order, and that no security personnel had been employed when the owner knew or should have known that his patrons were being exposed to risk of harm from fights or shootings by other patrons. In effect Mrs. Jefferson showed that Stevens either created a dangerous condition or allowed one to exist by the manner in which he ran his establishment. She did not allege, however, that Stevens knew of any dangerous propensities of Jefferson's assailant, and Stevens contends that Jefferson cannot prevail because of that lack of knowledge. We disagree.
The proprietor of a place of public entertainment owes his invitee a duty to use due care to maintain his premises in a reasonably safe condition commensurate with the activities conducted thereon. Central Theatres, Inc. v. Wilkinson, 154 Fla. 589, 18 So.2d 755 (1944). We have stated that the proprietor of a liquor saloon, although not an insurer of his patrons' safety, is bound to use every reasonable effort to maintain order among his patrons, employees, or those who come upon the premises and are likely to produce disorder to the injury or inconvenience of patrons lawfully in his place of business. Miracle v. Kriens, 160 Fla. 48, 33 So.2d 644 (1948). A determination as to whether this duty has been violated will, of necessity, depend upon a review of the facts of each individual case. Additionally, the risk of harm must be foreseeable. This foreseeability requirement has often been met by proving that the proprietor knew or should have known of the dangerous propensities of a particular patron. See, e.g., Sabatelli v. Omni International Hotels, Inc., 379 So.2d 444 (Fla. 3d DCA 1980). But specific knowledge of a dangerous individual is not the exclusive method of proving foreseeability. It can be shown by proving that a proprietor knew or should have known of a dangerous condition on his premises that was likely to cause harm to a patron. Fernandez v. Miami Jai Alai, Inc., 386 So.2d 4 (Fla. 3d DCA 1980).
To affix liability against a tavern owner for injuries to patrons intentionally inflicted by third parties, a risk of harm to his patrons must be reasonably foreseeable, and the weight of authority, both in this state and elsewhere, supports a standard of reasonable foreseeability. See, e.g., Sparks v. Ober, 192 So.2d 81 (Fla. 3d DCA 1966); Industrial Park Businessmen's Club, Inc. v. Buck, 252 Ark. 513, 479 S.W.2d 842 (1972); *35 Kerby v. Flamingo Club, Inc., 35 Colo. App. 127, 532 P.2d 975 (1974); Gorby v. Yeomans, 4 Mich. App. 339, 144 N.W.2d 837 (1966); Tyrrell v. Quigley, 186 Misc. 972, 60 N.Y.S.2d 821 (N.Y. Sup. Ct. 1946); Waldron v. Hammond, 71 Wash.2d 361, 428 P.2d 589 (1967). Although knowledge of a particular assailant's propensity for violence is often found to be evidence of foreseeability in these cases, we reject the contention advanced by amicus curiae here that proof of foreseeability should be limited by law to evidence of actual or constructive knowledge of a particular assailant's propensity for violence. A tavern owner's actual or constructive knowledge, based upon past experience, that there is a likelihood of disorderly conduct by third persons in general which may endanger the safety of his patrons is also sufficient to establish foreseeability. Kerby v. Flamingo Club, Inc.; Tyrrell v. Quigley; Restatement (Second) of Torts § 344 comment f (1965).
Although stated in a different factual context, the Fourth District Court of Appeal in Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981), correctly summarized the law when it said:
An action for negligence is predicated upon the existence of a legal duty owed by the defendant to protect the plaintiff from an unreasonable risk of harm. The extent of the defendant's duty is circumscribed by the scope of the anticipated risks to which the defendant exposes others. In order to prevail in a lawsuit, the plaintiff must demonstrate that he is within the zone of risks that are reasonably foreseeable by the defendant. The liability of the tortfeasor does not depend upon whether his negligent acts were the direct cause of the plaintiff's injuries, as long as the injuries incurred were the reasonably foreseeable consequences of the tortfeasor's conduct. Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3rd DCA 1976). If the harm that occurs is within the scope of danger created by the defendant's negligent conduct, then such harm is a reasonably foreseeable consequence of the negligence. The question of foreseeability and whether an intervening cause is foreseeable is for the trier of fact. Gibson v. Avis Rent-A-Car System, 386 So.2d 520 (Fla. 1980).
(Emphasis in original.)
It is incumbent upon the plaintiff to prove legal causation. Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), cert. discharged, 235 So.2d 294 (Fla. 1970). Mrs. Jefferson met her burden by showing that the bar was a "rough" place with a history of fights and gunplay and that the owner had terminated all security service and had left the premises in the charge of a female employee who could not maintain order. Under these facts a jury could determine that a foreseeable risk of harm to patrons existed, that the risk was either created or tolerated by Stevens, that he could have remedied the danger but failed to do so, and that because of that failure to perform his duties Jefferson was killed. The district court properly affirmed the judgment for Mrs. Jefferson and its action in doing so is approved.
It is so ordered.
ALDERMAN, C.J., and OVERTON and EHRLICH, JJ., concur.
ADKINS, J., concurs in result only.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I respectfully dissent to the action of the court in accepting jurisdiction to review the decision of the district court of appeal. The district court's order of affirmance reads in its entirety as follows:
PER CURIAM.

See Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442 (Fla. 5th DCA 1981); Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4 (Fla. 3d DCA 1980). But see Worth v. Stahl, 388 So.2d 340 (Fla. 4th DCA 1980); Warner v. Florida Jai Alai, 221 So.2d 777 (Fla. 4th DCA 1969), cert. discharged, 235 So.2d 294 (Fla. 1970), which we deem to be in conflict with this decision.
AFFIRMED.
*36 Stevens v. Jefferson, 408 So.2d 634 (Fla. 5th DCA 1981). The order of affirmance is not an opinion in the sense of a discussion, analysis, or statement of the principles of law applied in reaching the decision. Therefore it cannot be and is not in express and direct conflict with another decision. Art. V, § 3(b)(3), Fla. Const. Nor does the statement of the district court judges that they "deem" certain decisions "to be in conflict with" their decision in this case suffice as a certification of direct conflict. Art. V, § 3(b)(4), Fla. Const. Therefore, we do not have jurisdiction.
The district court's order merely cites several cases and suggests that some contrary authority exists. It does not contain any statement of law capable of causing confusion or disharmony in the law of the state. Therefore it is not the kind of decision which article V, section 3(b)(3) contemplates as being reviewable by this Court. See Dodi Publishing Co. v. Editorial America, S.A., 385 So.2d 1369 (Fla. 1980); Jenkins v. State, 385 So.2d 1356 (Fla. 1980). The mere suggestion by the district court that contrary authority exists, without discussing any points of law, should not be deemed sufficient to create express and direct conflict. State Farm Mutual Automobile Insurance Co. v. Lawrence, 401 So.2d 1326 (Fla. 1981) (Boyd, J., dissenting).
The majority opinion uses the present case as an opportunity to issue some pronouncements on the law of a tavern keeper's liability even though the district court, in affirming the judgment, did not even find that the case was sufficiently important, complex, or difficult as to require the writing of an opinion. The 1980 amendment to article V was the product of a determination by the legislature and the people that this Court should not be able to review any decision it pleases. This is not the kind of case that calls for the expenditure of our judicial labor when the time and attention of this Court has become such a scarce commodity.
For the foregoing reasons I would discharge the petition for review as improvidently granted. I dissent.
NOTES
[*] Stevens v. Jefferson, 408 So.2d 634 (Fla. 5th DCA 1981).