PER CURIAM.
The above-styled action is again before us following remand from the supreme court for reconsideration in the light of Allen v. Babrab, Inc., 438 So.2d 356 (Fla.1983) and Stevens v. Jefferson, 436 So.2d 33 (Fla.1983). Hall v. Billy Jack’s, Inc., 458 So.2d 760 (Fla.1984). At the reargument of this matter, we accorded counsel for the parties the opportunity to submit additional briefs in order to explicate their respective positions in the context of the supreme court’s opinion. We have received and considered the post-argument briefs. We adopt the factual setting set forth in our initial opinion. Spillers v. Hall, 428 So.2d 268 (Fla. 2d DCA 1982).
We have examined the record in its entirety and we have determined this matter must be remanded for a new trial. When this proceeding was before the trial court and this court, neither had the benefit of Babrab and Stevens. Upon remand, the proceeding should be conducted upon a complaint marked by the boundaries expressed in Babrab and Stevens. Finally, the question of liability should be tendered to a jury with instructions embodying the principles announced in Babrab and Stevens.
Remanded for further proceedings consistent with this opinion.
RYDER, C.J., and DANAHY and FRANK, JJ., concur.