DIAMANTIS, Judge.
Appellant/plaintiff below, Melanie Nic-holls, appeals a final summary judgment enforced against her and in favor of appel-lee/defendant below, Beverly Durst. We reverse and remand.
We briefly summarize the evidence in the light most favorable to Nicholls, the non-movant. On the night of March 15, 1988 Nicholls was a business invitee in Terry’s Place, a bar owned by Durst. Nicholls was abducted from Terry’s Place by Steve Fin-ney, a patron of the bar, and then forced into Finney’s car, which was located directly outside the entrance to the bar, taken to a secluded area and sexually assaulted. Criminal charges were later filed against Finney and he plead guilty to sexual battery and kidnapping.
Nicholls instituted suit against Durst claiming that Durst negligently maintained the premises by not providing adequate security measures to deter or prevent such criminal activity. Durst moved for summary judgment and the trial court granted the motion, finding that the criminal attack upon Nicholls was not reasonably foreseeable. We find that there are genuine issues of material fact concerning Durst’s actual or constructive knowledge that there was a likelihood of disorderly conduct by third persons which could endanger the safety of Durst’s patrons and that such likelihood was reasonably foreseeable. The evidence shows that the bar had a history of fifteen to twenty prior disorderly or violent incidents, the police were called regarding many of these incidents, and Durst was aware of these incidents. Durst’s establishment had neither a bouncer nor security personnel. Durst never provided any security training to her employees. On the night of the incident there were only two female employees on duty at the bar, a bartender and a cook.
Accordingly, based upon the evidence taken in the light most favorable to Nic-holls and drawing all reasonable inferences in favor of Nicholls, the party opposing Durst’s motion for summary judgment, we conclude that the trial court erred in entering summary judgment in favor of Durst because there are disputed issues of material fact involved in this case. See Hall v. Billy Jack’s, Inc., 458 So.2d 760 (Fla.1984); Allen v. Babrab, Inc., 438 So.2d 356 (Fla.1983); Stevens v. Jefferson, 436 So.2d 33 (Fla.1983); Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA 1991). *387 We reverse and remand this case to the trial court for further proceedings.
REVERSED and REMANDED.
W. SHARP and GRIFFIN, JJ„ concur.