Kimberly FARABEE, Plaintiff,

v.

James RIDER, in his official capacity as Sheriff of Glades County, Dewayne Pottorff, and Shelton Blackwell in their individual capacities, Defendants.

No. 97–142–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

Feb. 13, 1998.

---

Gary Allan Isaacs, Isaacs & Yeargin, P.A., West Palm Beach, FL, Valentin Rodriguez, Jr., Valentin Rodriguez, P.A., Lake Worth, FL, for Kimberly Farabee.

Richard A. Purdy, Summer M. Barranco, Purdy, Jolly & Giuffreda, P.A., Fort Lauderdale, FL, for James Rider, in his individual capacity and in his official capacity as Sheriff of Glades County, Dewayne Pottorff, Shelton Blackwell, defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION

KOVACHEVICH, Chief Judge.

This cause is before the Court on objections, (Docket No. 19), to a report and recommendation (R & R) issued by Magistrate Judge George T. Swartz on September 16, 1997, (Docket No. 17).

Defendants, JAMES RIDER, DEWAYNE POTTORFF, and SHELTON BLACKWELL, filed a Motion to Dismiss Amended Complaint, (Docket No. 9), requesting that Counts I and V of Plaintiff's, KIMBERLY FARABEE, Amended Complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Defendants further requested that Plaintiff's Amended Complaint be dismissed for failing to comply with the conditions precedent set forth in Fla.Stat. § 768.28(6). Plaintiff filed a response to Defendants' motion to dismiss. (Docket No. 12.) This Court, under the authority of 28 U.S.C. § 636(b)(1)(B), Fed. R.Civ.P. 72(b), and Rule 6.02, Local Rules of the Middle District of Florida, referred the motion to the Honorable George T. Swartz, United States Magistrate Judge, by Order of Referral dated July 28, 1997, (Docket No. 11).

After considering the motion and all documents, Magistrate Judge Swartz filed a R & R, wherein he recommended that this Court deny Defendants' Motion to Dismiss Amended Complaint as to Counts I and V under Fed.R.Civ.P. 12(b)(6), and as to failure to comply with the conditions precedent under Fla.Stat. § 768.28(6). (Docket No. 17.) De-fendants timely objected, in accordance with Local Rule 6.02(a), to the Magistrate Judge's R & R only in reference to Count I of the Amended Complaint and Plaintiff's failure to comply with Fla.Stat. § 768.28(6). (Docket No. 19.) Upon consideration of the report and recommendation of the Magistrate Judge, all timely objections filed by the parties, and upon this Court's independent examination of the file, the Magistrate Judge's R & R is adopted and confirmed.

## I. BACKGROUND

Plaintiff alleges the following in her Amended Complaint. (Docket No. 8.) On August 13, 1995, Plaintiff arrived at her home and found several Glades County Sheriff's patrol vehicles on or near her property. (Docket No. 8, ¶ 10.) Various deputies told Plaintiff they were going to tow away a certain truck, parked on or near her property, because it was allegedly causing a hazard. (Docket No. 8, ¶ 11.) Plaintiff requested the deputies to leave her property, which they refused to do. (Docket No. 8, ¶ 12.) While Plaintiff turned to speak with her husband, Defendant POTTORFF pushed Plaintiff to the ground, put his knee in her back, and handcuffed her. (Docket No. 8, ¶ 13.)

Deputies transported Plaintiff to the Glades County Jail, where she was fingerprinted, booked, and incarcerated for at least twelve (12) hours. (Docket No. 8, ¶ 15.) At that time, Plaintiff was suffering from back and arm injuries inflicted by Defendant POTTORFF, including a torn disk in the back and nerve damage in the right arm. (Docket No. 8, ¶ 15.) The Glades County Sheriff's Office charged Plaintiff with resisting arrest without violence. (Docket No. 8, ¶ 16.) This charge was later resolved in her favor. (Docket No. 8, ¶ 16.)

Under Count I, Plaintiff alleges Defendant RIDER, as Glades County Sheriff, was negligent in his duty to Plaintiff. Plaintiff asserts Defendant RIDER supervised Defendants POTTORFF and BLACKWELL. (Docket No. 8, ¶ 21.) Plaintiff further asserts Defendant POTTORFF falsely arrested her, used

excessive force during the arrest, and falsely charged her with a crime. (Docket No. 8, ¶ 22.) Plaintiff also alleges Defendant BLACKWELL participated in these errors by either acting or failing to act in protecting Plaintiff from Defendant POTTORFF. (Docket No. 8, ¶ 23.) Plaintiff claims Defendant RIDER has a duty to ensure his deputies do not commit patently illegal acts. (Docket No. 8, ¶ 26.) Finally, Plaintiff alleges that, but for Defendant RIDER's breach of this duty, she would not have suffered injuries and damages. (Docket No. 8, ¶¶ 27–28.)

Under Count V for malicious prosecution, Plaintiff alleges there was no basis for a reasonable person to believe that she committed the offense charged when Defendants POTTORFF and BLACKWELL arrested her. (Docket No. 8, ¶ 48.) In so doing, Plaintiff asserts Defendants POTTORFF and BLACKWELL caused a criminal prosecution to be commenced, resulting in her incarceration for at least one night. (Docket No. 8, ¶¶ 45–48.) Plaintiff further claims Defendants POTTORFF and BLACKWELL arrested her with malice, lacked probable cause, made factual misstatements supporting the criminal prosecution, and were possibly acting outside the course and scope of their employment. (Docket No. 8, ¶ 49.) Ultimately, the criminal charges were resolved in Plaintiff's favor. (Docket No. 8, ¶ 51.) However, she alleges her arrest was publicized throughout the community. (Docket No. 8, ¶ 52.) Plaintiff claims she suffered damages as a result of the arrest. (Docket No. 8, ¶ 53.)

## II. STANDARD OF REVIEW

■ When a party makes a timely objection to a Report and Recommendation by a Magistrate Judge, the determination is subject to *de novo* review by the district court. *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1561 (M.D.Fla.1993). However, portions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review. *Id.* at 1561–62.

## III. REVIEW OF REPORT AND RECOMMENDATION

■ A district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts" that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla. 1996). At a minimum the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that will "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103 (quoting Fed.R.Civ.P. 8(a)(2)).

■ In deciding a motion to dismiss, a court can examine only the four (4) corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Also, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991).

Defendants bring forth two specific objections to the Magistrate Judge's R & R findings.

### A. Count I States a Valid Cause of Action Against Defendant JAMES RIDER.

Defendants' first objection is that the Magistrate Judge's R & R failed to properly

dismiss Count I of Plaintiff's Amended Complaint. The question presented is whether a sheriff owes an arrestee a duty to properly supervise and train his deputies, and if so, does a breach of this duty subject the sheriff to liability.

Count I of the Amended Complaint alleges Defendant RIDER was negligent towards the Plaintiff by failing to ensure his deputies would not commit patently illegal acts. Defendant RIDER argues that the alleged actions forming the basis of his negligence are discretionary activities that immunize him from liability. Defendant RIDER also asserts that, under a negligence theory, a separate cause of action against a sheriff for an alleged breach of a duty to supervise, train, or hire deputies does not exist. Defendant RIDER further argues that the supervision of deputies is a policy-making/discretionary function for which he cannot be held liable. Finally, Defendant RIDER asserts that the decisions involving how he supervises, trains, or hires employees fall within the public duty doctrine exception to liability. Defendant RIDER argues this is a duty owed to the public at large, and not to the Plaintiff individually.

Plaintiff, however, urges that she is challenging Defendant RIDER's failure to exercise due care in his agency's operational functions. Plaintiff argues that these functions include the duty to make sure deputies do not use excessive force or commit patently illegal acts, such as false arrest and malicious prosecution. In addition, Plaintiff asserts Defendant RIDER had no lawful or statutory authority to assist the Defendants POTTORFF and BLACKWELL in carrying out their patently unlawful acts leading to her injuries. Plaintiff argues that Defendant RIDER not only allowed his deputies to commit illegal acts, but that he did not properly train or supervise them, which was the proximate cause of her injuries. Finally, Plaintiff asserts that while mere training and supervision, alone, may fall within the public duty doctrine exception to liability, these duties, when also alleged with the use of excessive force or other illegal acts, give rise to an action for negligence under Florida law.

This Court must first determine whether a duty of care existed. "A court must find no liability as a matter of law if either (a) no duty of care existed, or (b) the doctrine of governmental immunity bars the claim." *Kaisner v. Kolb*, 543 So.2d 732, 734 (Fla.1989). However, "where a defendant's conduct creates a foreseeable zone of risk, the law generally ... recognize[s] a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from harm that the risk poses." *See id.* at 735–36 (citing *Stevens v. Jefferson*, 436 So.2d 33, 35 (Fla.1983)).

This Court disagrees with Defendant RIDER's assertion that no duty was owed to Plaintiff regarding Count I. The Florida Supreme Court has determined that law enforcement has a duty of care to protect detainees from personal harm. *See Johnson v. Cannon*, 947 F.Supp. 1567, 1573–74 (M.D.Fla.1996) (citing *Kaisner v. Kolb*, 543 So.2d 732, 734 (Fla.1989)). When an individual is detained or placed in some sort of custody, he is owed a common law duty of care. *See id.*

In *Johnson v. Cannon*, this Court determined that a deputy and a sheriff's office owed a duty of care to a plaintiff. *See id.* at 1574. In *Johnson*, the plaintiff brought a cause of action against the Sheriff of Pasco County and a deputy employed by him. *See id.* at 1570. The plaintiff alleged she was assaulted by the deputy, and that the sheriff had a custom of permitting or tolerating the unconstitutional use of force by its officers. *See id.* Ultimately, the plaintiff sued the sheriff under theories of negligent training, employment, retention, and supervision. *See Johnson*, 947 F.Supp. at 1570.

In the instant case, like *Johnson*, Plaintiff has brought a cause of action against the Sheriff of Glades County and deputies employed by him. Plaintiff alleges Defendant POTTORFF falsely arrested her, used excessive force during the arrest, and falsely charged her with a crime. Plaintiff also argues Defendant RIDER not only allowed his deputies to commit illegal acts, but that he

did not properly train or supervise them. Taken as a whole, Plaintiff basically asserts Defendant RIDER's failure to properly supervise or train his deputies created a zone of risk. Therefore, this Court finds that Defendant RIDER owed the Plaintiff a duty of care upon arrest to either lessen the risk or see that sufficient precautions were taken to protect her from harm posed by the risk.

 Once a duty of care is found, this Court must next determine whether the claim is barred by sovereign immunity. Both parties cite *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010 (Fla. 1979) in support of their sovereign immunity claims. Although Fla.Stat. § 768.28 waives sovereign immunity on a broad basis, certain discretionary governmental functions remain immune from tort liability. *See Commercial Carrier Corp.*, 371 So.2d at 1022. The term "discretionary," used in this context, means "the governmental act in question involve[s] an exercise of executive or legislative power such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in fundamental questions of policy and planning." *Kaisner*, 543 So.2d at 737.

 In order to identify functions immune from liability, the Florida Supreme Court adopted an analysis which distinguishes between the "planning" and "operational" levels of decision-making by governmental agencies. *See Commercial Carrier Corp.*, 371 So.2d at 1022. A four-part preliminary test was also adopted to utilize this analysis. *See id.* (approving the test used in *Evangelical United Brethren Church v. State*, 67 Wash.2d 246, 407 P.2d 440, 445 (1965)). Generally, planning level functions require basic policy decisions, while operational level functions implement policy. *See id.* at 1021. Operational functions are not necessary to or inherent in policy or planning, they merely reflect a secondary decision as to how these policies or plans are implemented. *See Kaisner*, 543 So.2d at 737. Thus, operational functions are not entitled to immunity. *See id.* at 736. The question here is whether Defendant RIDER's training

or supervisory acts fall within one or the other category.

 To determine which category, this Court will use the four part test adopted in *Commercial Carrier*. *See* 371 So.2d at 1019–20; *see also Kaisner*, 543 So.2d at 737–38 (illustrating an application of this test). First, does Defendant RIDER's alleged failure to properly supervise or train deputies involve a basic governmental policy, program, or objective? In this instance, it does not. The discretionary decision, as to what would be the general policy for supervising or training deputies within the Glades County Sheriff's Office, had already been made. Defendant RIDER's choice as to how stringent he supervises or trains a particular deputy is at best a secondary decision as to how this policy is implemented.

Second, is the alleged failure to properly supervise or train deputies essential to the realization of this basic policy? In this instance, it was not. More effective methods of supervising and training deputies may exist that would not change the policy's objectives.

Third, does the alleged failure to properly supervise or train require basic policy evaluation or expertise? In this instance, it does not. The method as to how Defendant RIDER supervises or trains a particular deputy, or deputies, is secondary to the general policy of supervising or training all deputies. This court is not being asked to consider the policy's fundamental logic. We are merely being asked to consider the way in which the policy was implemented.

Finally, are the acts of supervising and training deputies lawfully authorized? In this instance, they are. A sheriff, as the highest ranking member in the Sheriff's Department, has the authority to supervise and train deputies.

This Court must next consider the distinction between operational and discretionary functions. In this case, the act of supervising and training deputies involves some degree of discretion on the part of Defendant

RIDER. However, intervention of this Court, regarding this matter, will not entangle itself with the public policy or planning of the Glades County Sheriff's Office. The issue here involves how supervisory and training policies are implemented, not their underlying doctrines. The act of supervising and training deputies, in this instance, was operational. Therefore, sovereign immunity is waived and Plaintiff has met her burden of stating a cause of action for negligence.

**B. Count V States a Valid Cause of Action Against Defendants DE-WAYNE POTTORFF and SHELTON BLACKWELL.**

 The Magistrate Judge's R & R determined that the Plaintiff sufficiently alleged facts supporting the allegations that Defendants POTTORFF and BLACKWELL were acting outside the course and scope of their employment. In the Amended Complaint, Plaintiff alleged that there is "the possibility" that Defendants POTTORFF and BLACKWELL were acting outside the course and scope of their employment. (Docket No. 8, ¶ 49.) The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985). The Defendants did not file an objection to this portion of the R & R. Therefore, upon review of the R & R, this Court finds no clear error and adopts Magistrate Judge Swartz's findings.

**C. Plaintiff's Failure to Comply with Fla.Stat. § 768.28(6) is moot.**

Defendants' second objection is that the Magistrate Judge's R & R failed to properly dismiss Plaintiff's Amended Complaint for non-compliance with the conditions precedent under Fla.Stat. § 768.28(6). This Court adopts Magistrate Judge Swartz's R & R findings that Defendants' Motion to Dismiss, as to this issue, should be denied.

Plaintiff sent the required notification letters to the appropriate agencies on March 31, 1997. The six month period required to make a final disposition of this claim expired on November 1, 1997. This matter has not yet gone to trial. Therefore, Plaintiff's non-compliance with Fla.Stat. § 768.28(6) has been cured, making this issue moot. *See Hattaway v. McMillian,* 903 F.2d 1440, 1444–46 (11th Cir.1990) (explaining there is no need to abate an action as long as non-compliance is cured before trial).

This Court, having considered all the arguments of the parties, is convinced that the motion to dismiss should be denied. Accordingly, it is

**ORDERED** that the report and recommendation, (Docket No. 17), dated September 16, 1997, be **ADOPTED** and incorporated by reference herein; the Defendants' Motion to Dismiss Amended Complaint, (Docket No. 9), be **DENIED**; and the Defendants **SHALL HAVE** ten (10) days from this date to answer the Amended Complaint.