100 So.2d 202 (1958)
GENERAL TRUCK SALES, INC., Appellant,
v.
AMERICAN FIRE & CASUALTY COMPANY, Appellee.
No. 57-222.
District Court of Appeal of Florida. Third District.
February 6, 1958.
*203 Dubbin, Blatt & Schiff and Jason Berkman, Miami, for appellant.
Brown, Dean, Adams & Fischer and L.N. Preddy, Miami, for appellee.
PEARSON, Judge.
The plaintiff below has appealed from a summary judgment entered in favor of the defendant. The action was based upon an employees' fidelity bond. The pleadings, depositions and affidavits reveal the ownship of the plaintiff corporation was changed by a contract of purchase entered into on December 16, 1953, and that subsequently in November of 1954, an audit of the corporation books was had. As a result of this audit "it was discovered by accountants for the plaintiffs that there was a possibility that various sums had been converted by the employee or employees of the plaintiff," prior to the change in ownership. The proceedings upon defendant's motion for summary judgment affirmatively established that the plaintiff had no basis for their suit other than certain unexplained bookkeeping entries. The defendant presented affidavits and depositions in an attempt to explain the bookkeeping procedures prior to the change in ownership.
The pleadings, depositions and affidavits may not present an explanation thoroughly satisfactory to the plaintiff, but they do reveal that plaintiff has no basis for its claim, other than the report of its auditors that book entries representing certain sums of money purportedly received by the corporation are not traceable to the bank accounts. Such evidence would not support a recovery by the plaintiff. Hartford Acc. & Indem. Co. v. Hattiesburg Hdw. Stores, Miss., 49 So.2d 813. See 50 Am.Jur., Suretyship, § 361, and cases cited therein; also 16 A.L.R. 1499, supplemented in 56 A.L.R. 968.
The fundamental purpose for the summary judgment procedure is to relieve the litigant and the court from the trial of unnecessary lawsuits. Since the plaintiff did not present affidavits in opposition to the motion showing that the plaintiff could not "for reasons stated present by affidavit facts essential to justify his opposition," we must presume that it had gone as far as it could go. See rule 1.36(f), 1954 Rules of Civil Procedure, 30 F.S.A.; Herring v. Eiland, Fla. 1955, 81 So.2d 645.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.