HORTON, Judge.
The appellant, defendant in the court below, seeks reversal of a summary final judgment. The appellee’s husband, W. L. Neeley, was originally a stockholder in the appellant corporation and advanced sums of money to the corporation as loans. In 1956, W. L. Neeley transferred to the ap-pellee all of his stock in the appellant corporation and assigned her all his rights in the loans made by him to the appellant corporation.
The appellee instituted an action for the recovery of the loans advanced by her husband as well as certain sums which she had advanced to the appellant after she became *527 a stockholder of the corporation. The last advance or loan was allegedly made on or about January 24, 1961. To this complaint, the appellant filed a motion to dismiss and a motion for a more definite statement, both of which were denied after hearing. The appellant then filed its answer denying the debt and affirmatively alleging that the action was barred by the three-and four-year statutes of limitation. Upon these issues the appellee moved for a summary judgment with supporting affidavits and exhibits. The appellant filed counter-affidavits and after hearing upon the appellee’s motion, the summary judgment appealed was entered.
The appellant attacks the judgment on two principal grounds, i. e., (1) that the complaint failed to state a cause of action and, therefore, the appellant’s motion to dismiss should have been granted; and (2) that the summary judgment was erroneous for the reason that the appellee’s affidavits in support thereof were insufficient to establish that there was an absence of a genuine issue of material fact and that the contents of the affidavits would not have been admissible as evidence at trial.
The appellant’s first ground is without merit. We have examined the ap-pellee’s complaint as amended and conclude that it stated a cause of action within the ambit of the Rules. Rule 1.8(b), Florida Rules of Civil Procedure, 30 F.S.A. As to the second ground, we note that the appellee submitted an affidavit of her husband who had made the original advances to the appellant corporation and it disclosed that the loans were made; that repayment had been promised by the president of the appellant corporation as late as March 2, 1960, at a time when the corporation sought and received an additional advance from the ap-pellee of the sum of $2,070 for the payment of real estate taxes. Submitted as an exhibit in support of the appellee’s claim were two accounting reports of the appellant corporation dated October 31, 1960, and October 31, 1961, respectively, in which accounting reports, under the title “Liabilities,” was set out “LOANS PAYABLE—Allie R. Neeley, $42,925.24.”
In opposition to the motion for summary judgment, the appellant tendered the affidavits of a Certified Public Accountant and one Clara Morgan, the wife of the deceased president of the appellant corporation. The accountant in effect stated that he could not ascertain from available records of the appellant corporation whether the sums claimed by the appellee represented' an obligation or liability due and owing by the appellant. It was stated that the records of the corporation had been destroyed by fire. Clara Morgan by her affidavit stated that she had no personal knowledge of the facts and circumstances leading' to the alleged loans to the appellant corporation by the appellee or her husband, or whether the sums were actually advanced, because of the fact that the books and records of the corporation had been destroyed by fire in the year 1958. It is important to note, however, in her affidavit the following: “* * * the Defendant is unable to present proof of any genuine issue of fact as to said sum of $39,447.94, and as to whether said sum is properly due Plaintiff as part and parcel of the alleged sum of $42,-925.24, which Plaintiff herein seeks to recover. * * * ”
Although the answer of the appellant to the complaint raised an issue of fact as to the existence of the debt, nevertheless the affidavits in support of the defense show that the appellant was not in a position, by reason of the destruction of records or otherwise, to refute the ap-pellee’s claim. In this posture of the case, we fail to see how the trial of an issue, on which the appellant concededly cannot produce evidence, would result in other than a waste of judicial labor.
Since the appellant’s affidavits did not contradict or avoid the appellee’s claim, nor support the defense tendered by its answer, it must be presumed that it had gone as far as it could. See General Truck *528 Sales, Inc. v. American Fire & Casualty, Fla.App.1958, 100 So.2d 202; see also rule 1.36(f), Florida Rules of Civil Procedure.
Accordingly, the judgment appealed is affirmed.
Affirmed.