379 So.2d 444 (1980)
Christina Marie SABATELLI, Appellant,
v.
OMNI INTERNATIONAL HOTELS, INC., Appellee.
No. 79-196.
District Court of Appeal of Florida, Third District.
February 5, 1980.
Steven G. Glucksman, Miami, for appellant.
Anderson & Moss and Karen A. Gievers, Miami, for appellee.
Before PEARSON and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
PEARSON, Judge.
Plaintiff, Christina Marie Sabatelli, while a patron in a bar owned and operated by defendant Omni International Hotels, Inc., was injured when she was attacked by another patron who smashed a highball glass into her face. In the suit brought by the plaintiff, the trial judge granted Omni's motion for a summary final judgment and this appeal is from that judgment.
The plaintiff argues that there were genuine issues of material fact; the defendant argues that the facts are undisputed. Therefore, we must view the record not only in the light most favorable to the party moved against, see Wills v. Sears, Roebuck & Co., 351 So.2d 29, 32 (Fla. 1977), but also *445 must determine whether the facts, together with all reasonable inferences therefrom, show that the plaintiff does not have a case. See the general principle in General Truck Sales v. American Fire & Casualty Company, 100 So.2d 202 (Fla.3d DCA 1958); and see Five Point Company v. Neeley, 157 So.2d 526 (Fla.3d DCA 1963).
It is alleged that while the plaintiff was a patron on the defendant's premises (a semiprivate club), another patron who subsequently became identified as Gloria Kiser Willis, without provocation from the plaintiff, wilfully, maliciously and viciously assaulted and battered the plaintiff. The depositions show that Willis, a party to the suit but not to this appeal, smashed a highball glass into the plaintiff's face, causing severe lacerations to her cheek. At the time of the assault, Willis was highly intoxicated.
Discovery showed, in addition, that the police officer who arrested Willis about ten minutes after the attack found Willis to be so drunk that she could not stand. Also, there was some evidence that the defendant had an employee on the premises of the club whose duty it was to check for membership cards and to confirm that prospective patrons, if not members, were registered guests of the hotel operated by the defendant. It may be inferred that this employee had an opportunity to observe Willis upon her admission to the bar. Willis was served at least one drink inside the bar, although she was there only a short time prior to the attack on the plaintiff.
The Supreme Court of Florida described the duties of a bar keeper in Miracle v. Kriens, 160 Fla. 48, 33 So.2d 644, 647 (1948), as follows:
"* * * Although the proprietor of a liquor saloon or other place where intoxicants are sold is not an insurer of the safety of his patrons, as against outsiders, other patrons, or even his own servants, he certainly is bound to use every reasonable effort to maintain order and discipline among his patrons, his servants, or those who, while not necessarily in search of drink or pleasure, come upon the premises and are likely to produce discords or disorders to the injury or inconvenience of patrons lawfully in his place of business."
See also Sparks v. Ober, 192 So.2d 81, 82 (Fla.3d DCA 1966):
"A tavern and bar may be likened to a place of amusement to which the public is invited. As to such places, the owner or proprietor is not an insurer of the safety of his patrons, but must exercise due care to maintain the premises in a reasonably safe condition for the customary and reasonable uses to which they may be put by the patrons, to use ordinary and reasonable care for the safety of his patrons and to guard against subjecting them to dangers of which he is cognizant or which he might reasonably foresee." [Emphasis added]
Applying these principles to the factual situation set out above, we hold that it does not affirmatively appear that the defendant is entitled to a judgment as a matter of law.
Reversed and remanded.