FLETCHER, Judge.
The trial court in this personal injury action[1] ordered a remittitur of the jury award of $363,205,[2] reducing that award to $160,000, and, based on the offer of judgment, awarded Mario attorney’s fees. Mario challenges both the remittitur and the amount of attorney’s fees awarded.
First, we conclude that the jury verdict should not have been disturbed as it was not so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate. See Kaine v. Government Employees Ins. Co., 735 So.2d 599 (Fla. 3d DCA), rev. denied, 744 So.2d 454 (Fla.1999). The testimony as to future non-economic damages (specifically evidence as to disfigurement, loss of ability to feel in the area of her injury, partial loss of sense of smell, continued pain, difficulty breathing, discomfort, and change in her speaking voice) was a logical and sufficient basis for the jury to have reached its conclusion.[3] Accordingly, we reverse the order of remittitur and direct the trial court to reinstate the verdict.[4]
We also reverse the order awarding attorney’s fees and remand for a new hearing thereon. The trial court is directed to provide findings of fact in support of whatever amount it awards. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Rohlfs v. Rohlfs, 666 So.2d 568 (Fla. 3d DCA 1996).
Reversed and remanded.

. A stack of shelves fell on the plaintiff Jean Mario while she was shopping in K-Mart.

. Past medical expenses and lost earnings = $23,205; present value of future medical expenses = $10,000; past pain and suffering, disfigurement, etc. = $50,000; future pain and suffering, disfigurement, etc. = $280,000.

. Our review of the record reveals no violation by the jury of the standards of section 768.74(5)(a-e), Florida Statutes (1997), which reads:
(5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

.We affirm K-Mart’s cross-appeal. See Strahan v. Gauldin, 756 So.2d 158 (Fla. 5th DCA 2000).