841 So.2d 572 (2003)
Ian HENDRY, as trustee, etc., Appellants,
v.
Marcos ZELAYA, Appellee.
No. 3D02-1074.
District Court of Appeal of Florida, Third District.
March 19, 2003.
*573 Adorno & Yoss, and Jack R. Reiter, and William S. Berk, and Nicole E. Mestre, Miami, for appellants.
Friedman & Friedman; and Lauri Waldman Ross, Miami, for appellee.
Before JORGENSON, GERSTEN, and RAMIREZ, JJ.
RAMIREZ, J.
Defendant Ian Hendry, trustee for U.S. Euro Micro Ventures, Inc., appeals from a final judgment pursuant to a jury verdict in favor of plaintiff Marcos Zelaya. We affirm.
US Euro Micro Ventures is a dissolved corporation which formerly owned the Clevelander Hotel on Miami Beach. Marcos Zelaya is a police officer with the City of Miami Beach police department. On May 21, 1998, the Thursday evening before the Memorial Day weekend, Officer Zelaya and his girlfriend went to the Clevelander in order to celebrate his successful completion of SWAT team training. Approximately one hundred other off-duty officers, all dressed in civilian clothes, were also in attendance at the private party in a segregated area.
Knowing well in advance that the Memorial Day weekend patrons tended to become extremely rowdy, Hendry requested that the Miami Beach police department provide at least three off-duty uniformed officers to bolster Hendry's security personnel. A few days prior, the City informed Hendry that it could only send one officer on May 21. That officer arrived at the Clevelander, observed the size of the crowd and the rowdiness of the patrons at the pool bar, and called the dispatcher to request more officers. He was told that none were available.
Additionally, the Clevelander uses in-house security personnel for crowd control. Ordinarily, the Clevelander uses five or six security personnel on a Thursday night, but some ten to twelve are required on a Memorial Day weekend. On May 21, however, only four in-house security personnel were working. The day before the incident, the security manager and the restaurant manager realized that the bar was going to be seriously understaffed during the weekend and advised Hendry of the problem. Against their advice, Hendry decided to proceed with only the scheduled four in-house personnel and one uniformed, armed police officer.
Detective Ricardo Arias was the one off-duty police officer working at the Clevelander *574 on May 21. He noticed a large, somewhat rowdy gathering congregated at the yogurt bar and would ordinarily have approached them to request they settle down or leave, but as he was the only uniformed officer there, he decided against it.
As Officer Zelaya made his way through the crowd past the yogurt bar, someone seated at the pool bar reached out and grabbed Officer Zelaya's girlfriend. Officer Zelaya pushed the man away, then someone else struck Officer Zelaya on the head with a beer bottle. Officer Zelaya suffered a severe skull fracture and required surgery to remove bone fragments from his brain. He now has permanent brain damage resulting in diminished cognitive functions such as memory loss and the inability to process information. He also has a constant tingling sensation in the area of the injury. The jury awarded him $4.5 million for past and future pain and suffering.
Hendry argues that the trial court erred by denying his motion for a directed verdict because the injury to Officer Zelaya was unforeseeable and the Clevelander was maintained in a safe condition. We disagree. For a tavern owner to be liable for injuries inflicted on a patron by a third party, the risk of harm must be reasonably foreseeable. Stevens v. Jefferson, 436 So.2d 33, 34 (Fla.1983). The question of foreseeability is for the trier of fact. Id. at 35.
In Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla.1984), where the plaintiff was hit over the head with a pool cue, the Florida Supreme Court stated that, if a bar owner knew or should have known of a general risk to patrons and failed to take reasonable steps to guard against that risk, the bar owner may be held liable for the resulting injuries. Id. at 761. The proprietor of a bar is bound to use every reasonable effort to maintain order among the patrons. Holiday Inns, Inc. v. Shelburne, 576 So.2d 322, 325 (Fla. 4th DCA 1991); Sabatelli v. Omni Internat'l Hotels, Inc., 379 So.2d 444, 445 (Fla. 3d DCA 1980).
There was evidence to support the jury's verdict that due to the inadequate security, it was foreseeable that rowdy patrons would injure other patrons. Hendry testified that the Memorial Day weekend created severe crowd control problems at the Clevelander and that a larger than usual police presence was required, as well as additional in-house security personnel. However, the Clevelander was understaffed on the day in question and there was only one off-duty police officer rather than the minimum three needed to maintain the premises in a safe condition. Hendry made no attempt to request officers from other police departments or to add extra employees. Hendry's motion for a directed verdict was thus properly denied.
Hendry also seeks reversal because the trial court disallowed his request to add the City of Miami Beach as a Fabre defendant. The trial court found the request made on the eve of trial to be untimely. We agree. Assuming arguendo that the City even had a duty to provide off-duty officers, Hendry knew well before the fateful incident that the City could not provide as many officers as he had requested. Therefore, if he was going to assert negligence on the part of the City, he knew sufficient facts at the time he filed his answer to plead that Miami Beach was a Fabre defendant.
Hendry argues that it was only upon taking the deposition of Detective Arias, the off-duty officer, that he became aware of the City's policy regarding requests for off-duty personnel. However, the officer's deposition was taken one month before *575 trial and Hendry should have sought leave to amend immediately thereafter instead of waiting until the Friday before the scheduled trial, in effect the last possible moment. See Bogosian v. State Farm Mut. Auto. Ins. Co., 817 So.2d 968 (Fla. 3d DCA 2002).
We also affirm the trial court's exclusion of the videotapes from various security cameras at the Clevelander. A trial court has broad discretion concerning the admissibility of evidence and its rulings will not be disturbed absent an abuse of discretion. Heath v. State, 648 So.2d 660, 664 (Fla.1995). Evidence that is confusing to the jury can be excluded pursuant to section 90.403, Florida Statutes (2002). The trial court in this case reviewed several versions of the tapes and determined that the images were confusing and lacked probative value for the jury. Instead, the trial court admitted a series of still-framed photographs taken from the tapes. We conclude the trial court did not abuse its discretion by excluding the security camera videotapes.
Nor did the trial court abuse its discretion by denying Hendry's request for remittitur. A remittitur is entered when the amount awarded is excessive or contrary to the evidence. Fla. Stat. § 768.74(1)(2002). Section 768.74(4) provides that, "[i]f the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." Implicit in this procedure is a remittitur amount that the adverse party can accept in lieu of a new trial. See Rowlands v. Signal Constr. Co., 549 So.2d 1380, 1382 (Fla.1989) (remittitur is meant to give the plaintiff an alternative to a new trial on damages). In this case, Hendry never suggested an amount for the trial court to grant as a remittitur. Even at oral argument, counsel for Hendry could not give the court a figure which his client would consider as not excessive. In Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla. 1999), the Florida Supreme Court stated that the "procedure under section 768.74, Florida Statutes (1997), for remittitur and additur apply only upon the proper motion of a party." (emphasis added). We do not consider a motion for remittitur or additur which never suggests a figure to be a proper motion under the statute. What Hendry really wants is not a remittitur, but a new trial. Thus, we will review his motion as one seeking a new trial.
A jury is accorded wide latitude in determining the amount of non-economic damages. See Rety v. Green, 546 So.2d 410 (Fla. 3d DCA 1989). In Bould v. Touchette, 349 So.2d 1181 (Fla.1977), the Florida Supreme Court stated that the trial court:
should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed. The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.
Id. at 1184-85.
More recently, the Florida Supreme Court, in Brown, concluded that "[a] new trial may be ordered on the grounds that the verdict is excessive or inadequate when (1) the verdict shocks the judicial conscience or (2) the jury has been unduly influenced by passion or prejudice." 749 So.2d at 498. There has been no suggestion of improper influence and the verdict, although generous, is not shocking. The award was based on the evidence presented and Zelaya's life expectancy. See Marlo v. K-Mart Corp., 756 So.2d 213 (Fla. 3d DCA 2000); Klefeker v. Ellington, 304 *576 So.2d 545 (Fla. 3d DCA 1974). There was evidence that Officer Zelaya suffered permanent brain damage resulting in memory loss, that his marriage has been affected by his injuries, and that he continues to suffer from migraines and depression. Employing the reasonableness test set forth in Brown to determine whether the trial court abused its discretion, we find no such abuse. See Brown, 749 So.2d at 498.
Affirmed.