SHEVIN, Judge.
We affirm the final judgment. We hold that the court did not abuse its discretion in excluding the proffered documents. The trial court has broad discretion in determining the admissibility of evidence. Hendry v. Zelaya, 841 So.2d 572 (Fla. 3d DCA 2003). The plaintiffs’ expert testified as to the same matter the documents would have illustrated: the standard of care the defendant-physician should have exercised, and how the patient’s care should have been coordinated. Therefore, the exclusion was not an abuse of discretion. See Parker v. State, 873 So.2d 270, 2004 WL 112875 (Fla. Jan. 22, 2004)(exclu-sion of letters to attorney not abuse of discretion where attorney testified to same facts contained in letters). We also hold that the trial court did not err in limiting the scope of the expert’s testimony. Castillo v. E.I. Du Pont de Nemours & Co., 854 So.2d 1264 (Fla.2003).
Affirmed.