# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0751
Lower Tribunal No. 17-5939
_____

## Philip Morris USA Inc.,
Appellant,

vs.

## Barbra Hoffman, etc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Arnold & Porter Kaye Scholer LLP and David M. Menichetti (Washington, D.C.); Shook, Hardy & Bacon, LLP and Scott A. Chesin and Michael Rayfield (New York, N.Y.), for appellant.

Gerson & Schwartz, P.A., and Edward Schwartz; Celene Humphries, PLLC and Celene Humphries (Spring City, TN), for appellee.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See Ruchimora v. Grullon, 307 So. 3d 95, 97 (Fla. 3d DCA 2020) ("We review the denial of a motion for new trial and a trial court's evidentiary rulings for abuse of discretion."); Hendry v. Zelaya, 841 So. 2d 572, 575 (Fla. 3d DCA 2003) ("A trial court has broad discretion concerning the admissibility of evidence and its rulings will not be disturbed absent an abuse of discretion."); Thigpen v. United Parcel Services, Inc., 990 So. 2d 639, 645 (Fla. 4th DCA 2008) (finding that trial court did not abuse its discretion in excluding evidence because (1) it was too remote in time and purpose to be relevant, and (2) under section 90.403, Florida Statutes, the danger of unfair prejudice outweighed any relevance of testimony; "It is well settled that '[t]he determination of relevancy is within the discretion of the trial court. Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion.'" (quoting Sims v. Brown, 574 So. 2d 131, 133 (Fla. 1991))); see also Sims v. Brown, 574 So. 2d 131, 133 (Fla. 1991) ("The weighing of relevance versus prejudice or confusion is best performed by the trial judge who is present and best able to compare the two.").