**Raymond BURNETTE, Plaintiff,**

v.

**Michael CIOLINO, Lee County, a political subdivision of the State of Florida, Lee County Sheriff Office, a political subdivision of the State of Florida, and Sheriff Frank N. Wanicka, Defendants.**

No. 88–114–CIV–FTM–17(B).

United States District Court,
M.D. Florida,
Fort Myers Division.

Nov. 19, 1990.

See also, 750 F.Supp. 1559.

Kent Harrison Robbins, Miami Beach, Fla., for plaintiff.

Patrick E. Geraghty, Henderson, Franklin, Starnes & Holt, Fort Myers, Fla., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the court on the motions for summary judgment filed by Defendants Lee County, the Lee County Sheriff Office, and Sheriff Frank N. Wanicka, individually and in his official capacity, and Plaintiff's response thereto.

Plaintiff claims that he was injured and deprived of his civil rights as a result of a policy that the Defendants had established concerning the permissible use of deadly force to effect an arrest or investigatory stop. Specifically, Plaintiff claims that the Defendants have continuously tolerated abuse of the use of deadly force by their deputies to such a degree as to amount to a *de facto* policy that the use of deadly force would be tolerated at the expense of an individual's constitutional rights.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller*

*Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden or proof at trial. *Id.* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at p. 274.

The Court is satisfied that no factual disputes remain with respect to Counts II and III of Plaintiff's amended complaint.

## STATEMENT OF FACTS

On August 14, 1986, Plaintiff Raymond Burnette, while in Lee County, decided to ride in a vehicle with two acquaintances to drink at some bars in the direction or vicinity of LaBelle, Florida. All three of the persons sat in the front seat of the vehicle, and Plaintiff was not driving. There was a shotgun and an encased machete in the rear passenger area of the vehicle.

Defendant Michael Ciolino, a Deputy Sheriff with the Lee County Sheriff Office, observed that this car was speeding and that one headlight was burned out. Deputy Ciolino then turned on his vehicle's flashing blue lights and proceeded to pursue the other vehicle, which then increased its speed and extinguished its lights. The other vehicle eventually stopped in a ditch off the road, and apparently one of the persons in the car ran off into the nearby woods, and the remaining two individuals, one of whom was the Plaintiff, exited the vehicle.

When Deputy Ciolino arrived, the two men were approaching the patrol car. Ciolino claims that the men refused to cooperate with his instructions and were verbally abusing him. He also claims, consistent with the Plaintiff's statement of facts, that the two men were calling into the woods to a third person. Ciolino states that he then approached the vehicle and saw a shotgun or rifle on the floor of the vehicle between the driver's seat and the open driver's door.

It is disputed in this case as to exactly when the deputy drew his revolver and when he placed his finger on the trigger. Plaintiff claims that Ciolino exited his patrol car with his revolver already drawn, and then pointed the gun at the Plaintiff. Defendants allege that it was not until the deputy saw the rifle in the car that he pointed the gun at the Plaintiff and put his finger on the trigger.

Ciolino then instructed the Plaintiff and the other man to walk to the back of the suspect vehicle and to place their hands on the trunk lid of the vehicle. The two men complied with Ciolino's instructions and placed their hands on the trunk of the vehicle. It was then that Ciolino, while standing behind the door of his patrol car and with his pistol aimed in the direction of the Plaintiff, decided to reach for his radio to call for backup support.

At that precise moment the Plaintiff made a sudden movement, and Ciolino fired his pistol, shooting the Plaintiff in the leg. The extent of the movement the Plaintiff made is subject to conflict in this case. Plaintiff alleges that he merely turned his head to watch Ciolino radio for backup and that his hands never left the lid of the trunk. Defendants claim that the Plaintiff made a sudden turn toward Ciolino, and that was the reason he discharged his pistol.

In Counts II and III of the amended complaint, Plaintiff asserts that Defendant Lee County, Defendant Lee County Sheriff

Office, and Defendant Sheriff Frank Wanicka, in his official capacity, permitted and tolerated a pattern and practice of unjustified, unreasonable, and illegal shootings of persons by sheriff's deputies of Lee County.

Specifically, Plaintiff claims that the Defendants have failed to maintain a proper system for the investigation of all incidents of firearm discharges by deputy sheriffs and failed to train deputy sheriffs in the constitutional use of deadly force. Plaintiff asserts that as a result of Defendants' failure to subject deputy sheriffs who have fired their weapons improperly to discipline, to closer supervision, and to retraining, that such inadequacies have developed a *de facto* policy and custom to tolerate the improper discharge of firearms by deputy sheriffs, thereby violating an individual's civil rights protected under 42 U.S.C. § 1983.

In support of his claim that such a custom or policy exists, Plaintiff has cited particular shootings by Lee County Sheriff's deputies that have occurred in the five years prior to his own shooting:

(1) October 8, 1981: shooting by Deputy Cintron, injuring fleeing burglary suspect Jenkinson.

(2) October 8, 1981: shooting by Deputy Taylor of fleeing burglary suspect Jenkinson (warning shot).

(3) February 2, 1982: shooting by Corporal Walker at juvenile traffic-misdemeanor suspect which hit vehicle of suspect.

(4) May 17, 1984: shooting by Deputy Forrest at criminal suspect (warning shots).

(5) May 15, 1986: shooting by Deputy Nygaard killing Michael Minnie.

Plaintiff claims that these shooting incidents establish a pattern of unconstitutional conduct that demonstrates improper police procedure and an unreasonable use of deadly force.

A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Supervisory liability is not limited to those incidents in which the supervisor personally participates in the deprivation. *Goodson v. City of Atlanta,* 763 F.2d 1381, 1389 (11th Cir.1985); *Wilson v. Attaway,* 757 F.2d 1227, 1241 (11th Cir.1985); *Sims v. Adams,* 537 F.2d 829, 831 (5th Cir.1976). There must be a causal connection between the actions of the supervisory official and the alleged deprivation. *Wilson,* 757 F.2d at 1241; *Henzel v. Gerstein,* 608 F.2d 654, 658 (5th Cir.1979). This causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need for improved training or supervision, and the official fails to take corrective action. *Wilson,* 757 F.2d at 1241; *Sims,* 537 F.2d at 832.

It has also been held that to establish a policy or custom sufficient to impose municipal liability, it is generally necessary to show a persistent and widespread practice. Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the municipality. Normally, random acts or isolated incidents are insufficient to establish a custom or policy. *Depew v. City of St. Mary's, Georgia,* 787 F.2d 1496, 1499 (11th Cir.1986).

Based upon those rulings and the statements, depositions, and other evidence offered by both parties in this case, the Court is satisfied that no genuine issue of material fact exists as to the liability of Defendants, and the Court will grant the motions for partial summary judgment of Defendants Lee County, Frank Wanicka as Sheriff, and Lee County Sheriff Office.

The Court finds as a matter of law that the particular shootings offered by the Plaintiff as support for his theory that a *de facto* policy existed which tolerated or permitted the excessive use of deadly force, are nothing more than isolated incidents that clearly cannot be said to establish or create a "custom" or "widespread practice"

that use of unreasonable deadly force would be permitted.

The depositions of the police officers involved in those incidents establish that each had been instructed as to the permissible use of deadly force, and that each knew that the use of excessive force would not be tolerated by their superiors. The Court finds nothing in any of the depositions which would support the Plaintiff's assertion that deputy sheriffs in Lee County were permitted or authorized through local custom to use deadly force in situations where such force is neither necessary nor reasonable.

The depositions also establish that deputy sheriffs knew that when deadly force was used in any given situation, such use would be subject to review and investigation by a grand jury, by the Internal Affairs department of the Sheriff Office, and by State Attorney's Office. Thus, if an officer shoots someone he very likely would know that he was going to face at least two and perhaps three investigations of that incident.

Additionally, there has been no evidence presented to establish liability of Sheriff Frank Wanicka in an individual capacity. Accordingly, it is

ORDERED that these motions for partial summary judgment be granted and Defendants Lee County, the Lee County Sheriff Office and Sheriff Frank N. Wanicka, individually and in his official capacity, be dismissed from this cause of action. The Clerk of the Court shall enter judgment for these defendants and against Plaintiff.

DONE AND ORDERED.