686 So.2d 783 (1997)
Karyn MILLER, a minor, By and Through her natural mother and legal guardian, Barbara MILLER, Appellant,
v.
Linda FOSTER, Appellee.
No. 96-0245.
District Court of Appeal of Florida, Fourth District.
January 22, 1997.
Stuart F. Cohen of Wolfson, Diamond & Grossman, P.A., Miami, for appellant.
Angelika Moncada and Henry J. Hunnefeld of Carusello & Hunnefeld, P.A., Coral Gables, for appellee.
STEVENSON, Judge.
Appellant, Karyn Miller, fell from her horse and was injured while participating in an equestrian event. Following this incident, Miller filed suit against several defendants, including appellee, Linda Foster, Miller's equestrian trainer and supervisor. The complaint alleged that Foster was negligent in failing to properly supervise Miller when the horse Miller was riding became spooked by the noise of a passing motor scooter causing Miller's fall. This appeal arises from the trial court's dismissal with prejudice of that count of Miller's third amended complaint directed to Foster. We have reviewed the third amended complaint and find that it does, in fact, state a negligence cause of action.
The elements of a negligence cause of action are duty, breach, causation, and damages. Paterson v. Deeb, 472 So.2d 1210, 1214 (Fla. 1st DCA 1985), review denied, 484 So.2d 8 (Fla.1986).
In order to state a cause of action, a complaint need only contain a short and plain statement as to the ultimate facts which indicate that the pleader is entitled to relief.... In short, if the pleader alleges the necessary elements of the cause of action, the complaint states a cause of action. *784 Shahid v. Campbell, 552 So.2d 321, 322 (Fla. 1st DCA 1989).
Here, Miller's third amended complaint sufficiently alleged all of the elements of a negligence cause of action. We, therefore, reverse the trial court's dismissal of the third amended complaint.
REVERSED and REMANDED.
GLICKSTEIN and PARIENTE, JJ., concur.