Pamela LEWIS, Plaintiff,

v.

CITY OF ST. PETERSBURG,
Defendant.

No. 8:00–CV–00128–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

May 3, 2000.

Jean A. Laws, Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Stuart, FL, for plaintiff.

William N. Drake, Jr., City of St. Petersburg, St. Petersburg, FL, for defendant.

## ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on:

(1) Defendant, City of St. Petersburg's, Motion to Dismiss or for Summary Judgment, (Dkt.4), filed on January 25, 2000;

(2) Plaintiff, Pamela Lewis', Response in Opposition, (Dkt.22), filed on March 10, 2000;

(3) Defendant, City of St. Petersburg's, Motion for Summary Judgment, (Dkt.16), filed on February 25, 2000; and

(4) Plaintiff, Pamela Lewis', Response in Opposition, (Dkt.22), filed on March 10, 2000.

### I.   Background

The following factual allegations are taken from Plaintiff's Fourth Amended Complaint, filed on January 20, 2000.   (Dkt.2). Plaintiff is the duly appointed personal representative of the Estate of TyRon Lewis, deceased.   Plaintiff brought this suit pursuant to Florida's Wrongful Death Act, Fla. Stat. § 768.16–768.27, as the personal representative of the Estate of TyRon Lewis, a deceased minor.   The survivors of TyRon Lewis are listed as:  Pamela Lewis, the mother of TyRon Lewis;  Joe Hawkins, the father of TyRon Lewis;  and Aaron M. White, the surviving minor child of TyRon Lewis.

According to Plaintiff, on or about October 24, 1996, St. Petersburg Police Officers, James Knight and Sandra Minor, shot decedent TyRon Lewis through the windshield of a motor vehicle being operated by decedent TyRon Lewis.   At the time Officers Knight and Minor shot TyRon Lewis, TyRon Lewis was seated in the driver's seat of a motor vehicle that had stopped at the intersection of 18th Avenue South and 16th Street South in St. Petersburg, Florida.   The shots fired by Officers Knight and Minor resulted in the death of TyRon Lewis.

Plaintiff alleges that Officers Knight and Minor were acting within the scope of

their employment with the St. Petersburg Police Department when they fired shots at decedent TyRon Lewis. According to Plaintiff, Officers Knight and Minor, as well as all other St. Petersburg Police Officers, owed a duty to decedent TyRon Lewis to operate their firearms, and conduct themselves, in a reasonable manner in attempting to stop and/or arrest decedent TyRon Lewis. Plaintiff states that Officers Knight and Minor breached the duty of care owed to decedent TyRon Lewis by discharging their firearms through a vehicle windshield and by otherwise conducting themselves in a careless and negligent manner. The death of TyRon Lewis, according to Plaintiff, was the result of excessive force used by the St. Petersburg Police Department. Plaintiff states that Defendant and the St. Petersburg Police Department breached the duty owed to TyRon Lewis, by failing to properly train law enforcement officers on how to handle a crisis management situation and how to properly use force in a crisis management situation.

In addition to claiming wrongful death under Florida Statutes, Plaintiff alleges that Defendant violated 42 U.S.C. § 1983. Plaintiff states that as a result of the single instance of misconduct performed by Defendant, it can be inferred that a departmental policy exists which condones the use of excessive force by law enforcement officers. The departmental policy of condoning excessive force, according to Plaintiff, permitted and tolerated a pattern and practice of using excessive force against the public by law enforcement officers. Plaintiff states that a *de facto* policy and custom of tolerating and condoning the use of excessive force has been created by the St. Petersburg Police Department. According to Plaintiff, the policy of condoning the use of excessive force was continued after the death of TyRon Lewis through Defendant's failure to investigate, prosecute, and discipline Officers Knight and Minor, and all other St. Petersburg Police Officers involved. Plaintiff states that as a direct and proximate result of the

actions taken by Defendant and the St. Petersburg Police Department, TyRon Lewis suffered severe bodily injury, which resulted in his death.

## II.  Standards of Review

A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *See Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, the court may only examine the four corners of the plaintiff's complaint. *See Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232, 233 (M.D.Fla.1995). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Ancata v. Prison Health Serv., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). In addition, a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *See Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla. 1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. *See Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and

that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue of material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of genuine issues of material fact. *See id.* That burden of showing a basis for a motion can be discharged by "showing ... that there is an absence of evidence to support the non-moving party's case." *See id.* at 323, 325, 106 S.Ct. 2548.

Issues of fact are " 'genuine' only if a reasonable jury considering the evidence presented could find for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the trial under governing law. *See id.* at 248, 106 S.Ct. 2505. In determining whether a material fact exists, the court must consider all the evidence in a light most favorable to the non-moving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655, 656 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact

must be resolved against the moving party. *See Hayden v. First Nat'l Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir., 1979) (quoting *Gross v. Southern Railway Co.,* 414 F.2d 292, 297 (5th Cir.1969)).

Although factual disputes preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *See Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). When a party's response consists of "nothing more than a repetition of his conclusional allegations," summary judgment is not only proper but required. *Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981).

### III. Discussion

#### A. State Law Claims

Defendant states that dismissal is warranted because Plaintiff has failed to allege a sufficient factual basis for the state law claims contained within Plaintiff's Fourth Amended Complaint. According to Defendant, Plaintiff's state law allegations of negligent use of force, negligent training, and other unspecified negligent actions must be dismissed because: (1) Florida law does not recognize a duty of care with respect to how a police officer fires a weapon; (2) Florida law does not recognize a cause of action for negligent use of excessive force; (3) a general immunity exists for discretionary police power functions involving law enforcement; (4) no common law duty exists for the exercise of discretionary police power functions; (5) no common law duty exists for the training of police officers; (6) police training is within the discretionary, judgmental, planning-level activities protected by state law immunities; and (7) Plaintiff's statement that police officers were "conducting themselves in a careless and negligent manner" does not state sufficiently the conduct alleged to be negligent.

Florida Statute § 768.19, in pertinent part, states:

> When the death of a person is caused by the wrongful act, negligence, default, breach of contract, or warranty of any person ... and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person ... that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured ....

Under Florida law, the elements necessary to state a claim of negligence are duty, breach, causation, and damages. *See Paterson v. Deeb*, 472 So.2d 1210, 1214 (Fla. 1st DCA 1985). If even one of the elements of the negligence cause of action are missing, the entire cause of action must fail. *See Cato v. West Florida Hospital, Inc.*, 471 So.2d 598, 600 (Fla. 1st DCA 1985).

Generally, the State of Florida and its subsidiaries are immune from tort liability. Fla. Const., Art. X, § 13. However, Florida Statute § 768.28, expressly waives sovereign immunity in specific circumstances. Florida Statute § 768.28 states, in pertinent part, that:

> (1) In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act....

> (5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment.

While Florida Statute § 768.28, waives sovereign immunity on a broad basis, Florida courts have recognized two exceptions to that waiver: (1) the discretionary governmental functions exception; and (2) the public duty doctrine exception. *See Farabee v. Rider*, 995 F.Supp. 1398, 1403 (M.D.Fla.1998)(citing *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010, 1022 (Fla.1979)); *Trianon Park Condominium Ass'n v. City of Hialeah*, 468 So.2d 912, 918–21 (Fla.1985); *Seguine v. City of Miami*, 627 So.2d 14, 16–18 (Fla. 3d DCA 1993). If either the discretionary governmental function exception or the public duty doctrine exception apply, the governmental entity is immune from liability. *See id.*

The discretionary governmental function exception relates directly to the separation of powers doctrine and "recognizes that there are certain policy-making, planning, or judgmental governmental functions which are inherent in the act of governing and, therefore, ought not be subjected to scrutiny by judge or jury because it would inappropriately entangle the courts in fundamental questions of planning and policy." *Seguine*, 627 So.2d at 16; see *also Kaisner v. Kolb*, 543 So.2d at 732, 737 (Fla.1989); *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010, 1022 (Fla.1979). A four-part test has been adopted by the Florida Supreme Court to determine whether a governmental action is discretionary. A governmental action is discretionary if: (1) the action involves a basic governmental policy, program, or objective; (2) the action is "essential to the realization or accomplishment of that policy, program, or

objective"; (3) the action "require[s] the exercise of basic policy evaluation[s], judgment[s], and expertise on the part of the governmental agency involved"; and (4) the "governmental agency involved possess[es] the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision." *Trianon Park Condominium Ass'n*, 468 So.2d at 918.

■ Courts have, in very limited circumstances, recognized that a governmental entity could be held liable in tort for actions taken by law enforcement officers. *See Seguine*, 627 So.2d at 18. Governmental entities may be liable for tortuous conduct committed by a law enforcement officer against an individual when that individual is in the physical custody of law enforcement after a temporary detention or arrest. *See id.* This law enforcement duty of care has been recognized, and limited, to situations where a law enforcement officer deprives an individual of the opportunity to make decisions for himself and, therefore, the individual cannot protect himself from the harmful result of negligent police orders. *See id.* (citing *Kaisner*, 543 So.2d at 734, 737–38 (requiring a detained motorist to remain at a location which places the individual in great danger, and results in injury to the individual)).

■ The public duty doctrine exception states that a governmental entity is not liable for the commission of a tort for breaching a duty owed to the public at large. *Seguine*, 627 So.2d at 17. In order to be liable for the commission of a tort, the government must have breached a specific duty owed directly to an individual, not the community. *Id.* The public duty doctrine exception is based on the "need to prevent the chilling of the law enforcement processes, as well as the availability of other remedies against private parties who initially created the danger which caused the damage." *Id.* (citing *Trianon Park Condominium Ass'n*, 468 So.2d 912 (Fla. 1985)).

"How a governmental entity, through its officials and employees, exercises its discretionary power to enforce compliance with the laws duly enacted by a governmental body is a matter of governance which there has never been a common law duty of care." *Trianon Park Condominium Ass'n*, 468 So.2d at 919. Judges, police officers, and prosecutors are among the most notable public officials permitted to use discretionary power to enforce compliance with the laws of the state. *See id.* "The fundamental police function in enforcing the criminal law would be unduly hampered if law enforcement decisions were generally subject to after-the fact judicial review through private tort litigation . . . ." *See id.*

i. Negligent Use of Excessive Force

In the case at hand, Plaintiff states that Officers Knight and Minor negligently used excessive force against decedent TyRon Lewis by discharging their firearms into a vehicle occupied by TyRon Lewis. Plaintiff states that the death of decedent TyRon Lewis was the result of the alleged negligent use of excessive force committed by Officers Knight and Minor. After considering the four corners of Plaintiff's Fourth Amended Complaint in a light most favorable to Plaintiff, this Court finds that all allegations in Plaintiff's Fourth Amended Complaint relating to negligent use of excessive force must be dismissed.

■ A presumption of good faith has traditionally surrounded a law enforcement officer's use of force in making an arrest. *See City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla. 3d DCA 1996). A law enforcement officer is ordinarily liable only for damages that have resulted from a clear use of excessive force. *See id.* (citing *Jennings v. City of Winter Park*, 250 So.2d 900 (Fla. 4th DCA 1971)). When a law enforcement officer uses excessive force against an individual, that law enforcement officer is liable for damages un-

der a claim of battery. *See id.* (citing *Mazzilli v. Doud,* 485 So.2d 477, 481 (Fla. 3d DCA 1986)). Under a claim of battery, a law enforcement officer's actions should be analyzed to determine if the amount of force used by the law enforcement officer was reasonable under the circumstances. *See id.; see also City of Miami v. Albro,* 120 So.2d 23 (Fla. 3d DCA 1960). When a law enforcement officer believes that the use of force is "necessary to defend himself or another from bodily harm while making [an] arrest," the law enforcement officer has a complete defense to claims of alleged use of excessive force. Fla. Stat. § 776.05(1).

█ Plaintiff, in the case at hand, alleges that Defendant, through the actions of Officers Knight and Minor, "negligently used excessive force" against decedent TyRon Lewis. As the Third Circuit Court of Appeal for the State of Florida stated in *City of Miami v. Sanders,* 672 So.2d at 47, "a suit for a police officer's use of excessive force involves the intentional tort of battery." The commission of a battery against an individual cannot be negligently done. *See id.* Negligent actions are unintentional, while the commission of a battery is intentional. "[I]t is not possible to have a cause of action for 'negligent' use of excessive force because there is no such thing as the 'negligent' commission of an 'intentional' tort." *See id.* at 48. To hold otherwise would place a "chilling effect on law enforcement efforts, and would render meaningless the defense under [Florida Statute] Section 776.05(1)." *Id.* (citing *Seguine v. City of Miami,* 627 So.2d 14, 19 (Fla. 3d DCA 1993)).

While negligence claims may be brought against a governmental entity, such claims must be based on something besides the use of force in making or attempting to make a lawful arrest. *See City of Miami v. Sanders,* 672 So.2d at 48. "[T]he sole basis and limit of an arresting officer's liability in making a lawful arrest is founded on a claim of battery, in that excessive force was involved in making the arrest.

The concept of a cause of action for 'negligent' excessive force is an oxymoron..." *See id.* Therefore, this Court finds that all claims contained within Plaintiff's Fourth Amended Complaint relating to negligent use of excessive force must be dismissed.

ii. Negligent Decision to Use a Firearm

While Plaintiff's Fourth Amended Complaint does not directly allege a claim for negligence based on Officer Knight and/or Minor's negligent decision to use a firearm, the Court will construe Plaintiff's apparent claims that Defendant, through Officers Knight and Minor, negligently decided to use a firearm in the process of attempting to arrest decedent TyRon Lewis as a separate claim for negligence.

In order to state a claim for negligence, under Florida law, a plaintiff must allege the existence of a duty, a breach of that duty, causation, and damages resulting from the breach. *See Miller By and Through Miller v. Foster,* 686 So.2d 783, 783–84 (Fla. 4th DCA 1997). As stated previously, Plaintiff's claims of negligent infliction of an intentional tort must be dismissed. Plaintiff's Fourth Amended Complaint claims that Defendant, through Officers Knight and/or Minor, acted negligently by intentionally deciding to discharge their firearm[s] at decedent TyRon Lewis. Plaintiff's Fourth Amended Complaint does not allege that Officers Knight and/or Minor negligently handled their firearm or committed any other act of negligence with regard to the intentional decision to discharge their firearm[s]. As Plaintiff has, again, alleged that Defendant negligently committed an intentional tort, this Court must, again, find that dismissal is appropriate.

█ Under the facts alleged, even if Plaintiff had properly alleged a cause of action for negligent use of a firearm against Defendant, this Court has no difficulty finding that Defendant is immune from Plaintiff's allegations under either

the discretionary function doctrine or the public duty doctrine exceptions to the waiver of sovereign immunity, as contained in Florida Statute § 768.28. The alleged negligent and excessive actions performed by Officers Knight and Minor were taken to enforce criminal laws. Actions taken to enforce criminal laws are generally immune under the discretionary function doctrine and the public duty doctrine exceptions to the waiver of sovereign immunity, unless extenuating circumstances exist. *See Trianon Park Condominium Ass'n,* 468 So.2d at 918–21; *Seguine,* 627 So.2d at 18. Plaintiff, in the case at hand, has failed to allege the existence of any extenuating circumstances that would remove Defendant's immunity.

■ Plaintiff has failed to show the existence of any duty owed directly to decedent TyRon Lewis, as opposed to a duty owed to the public at large. Without a showing that Defendant owed any duty specifically to decedent TyRon Lewis, the government is immune from suit under the public duty doctrine exception to the waiver of sovereign immunity. A relationship establishing a duty of care owed to an individual has been recognized in situations where an officer arrests an individual and thereafter places that individual in a harmful situation. *See Seguine,* 627 So.2d at 18. In the situation where an individual is arrested or in law enforcement custody, the individual's right to make decisions and to act in a manner designed to promote personal safety have been taken away, and the arresting law enforcement officer owes the arrested individual a duty of due care. *See id.* Decedent TyRon Lewis was not under arrest at the time Officers Knight and/ or Minor allegedly discharged their firearms.

Under Florida law, a law enforcement officer is:

Justified in the use of any force:

(1) Which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest;

(2) When necessarily committed in retaking felons who have escaped; or

(3) When necessarily committed in arresting felons fleeing from justice. However, this subsection shall not constitute a defense in any civil action for damages brought for the wrongful use of deadly force unless the use of deadly force was necessary to prevent the arrest from being defeated by such flight and, when feasible, some warning had been given, and:

(a) the officer reasonably believes that the fleeing felon poses a threat of death or serious physical harm to the officer or others; or

(b) The officer reasonably believes that the fleeing felon has committed a crime involving the infliction or threatened infliction of serious physical harm to another person.

Fla. Stat. § 776.05

The decision made by Officer Knight and/or Officer Minor to use deadly force against decedent TyRon Lewis is exactly the type of discretionary decision which is protected by governmental immunity. On a daily basis, law enforcement officers encounter situations that require split second decisions to be made. A decision concerning whether to use deadly force is one of those split-second decisions that must be made. A law enforcement officer's decision to use deadly force, like a decision to provide or not provide police protection, is a discretionary decision that rests at the very heart of an officer's ability to protect all members of a society, including himself and other officers. *See id.* (stating the four prong requirement for classifying an action as discretionary); *Everton v. Willard,* 468 So.2d 936 (Fla.1985)(decision to arrest is discretionary); *Wong v. City of Miami,* 237 So.2d 132 (Fla.1970)(decision to provide police protection is discretionary); *Ellmer v. City of St. Petersburg,* 378 So.2d 825 (Fla. 2d DCA 1979)(decision to provide police protection is discretionary).

After viewing Plaintiff's Fourth Amended Complaint in a light most favorable to Plaintiff, this Court finds that all claims relating to the alleged negligent use of a firearm must be dismissed. Further, even if dismissal was not warranted, this Court finds that Defendant is immune under both the public duty doctrine exception and the discretionary governmental function exception. Defendant did not owe a duty of care individually to decedent TyRon Lewis and the decision to use deadly force was a discretionary decision. As such, Plaintiff's allegations relating to the alleged negligent decision to discharge a firearm must be dismissed.

### iii. Negligent Training

█ Plaintiff also alleges that Defendant acted negligently when training Officers Knight and Minor. In particular, Plaintiff states that Defendant "breached its duty to TyRon Lewis, by failing to properly train its officers in how to handle crisis management situation [sic] and failing to train its officers regarding the proper use of force in a crisis management situation." (Dkt.2).

Under the law previously discussed by the Court, Defendant requests that this Court dismiss Plaintiff's allegations concerning negligent training. Defendant states that decedent TyRon Lewis was not owed a duty of care and that the decision on how and to what extent to train law enforcement officers is a discretionary decision which is immune from suit.

As this Court previously discussed, in order to properly allege a cause of action for negligence against a governmental entity, a Plaintiff must allege the existence of a duty, a breach of that duty, causation, and damages. See *Miller v. Foster*, 686 So.2d 783, 783–84 (Fla. 4th DCA 1997). Once a plaintiff has alleged the elements necessary for a claim of negligence against a governmental entity, a plaintiff must show that the governmental entity has waived sovereign immunity as to that claim. Florida courts have acknowledged

two exceptions to the waiver of governmental immunity: (1) the discretionary governmental functions exception; and (2) the public duty doctrine exception. See *Farabee*, 995 F.Supp. at 1403; *Trianon Park Condominium Ass'n*, 468 So.2d at 918–21; *Seguine*, 627 So.2d at 16–18. If either the discretionary governmental function or the public duty doctrine exception applies, the governmental entity is immune from liability. See *id.*

Plaintiff, in the case at hand, has sufficiently alleged a claim of negligence against Defendant with regard to allegations of negligent training contained within Plaintiff's Fourth Amended Complaint. Within the Fourth Amended Complaint, Plaintiff states that Defendant and Officers Knight and Minor "breached [their] duty to TyRon Lewis, by failing to properly train officers in how to handle a crisis management situation and failing to train its officers regarding the proper use of force in a crisis management situation." Plaintiff's Fourth Amended Complaint sufficiently states that Defendant had a duty to train law enforcement officers, that Defendant breached that duty, that Defendant proximately caused the breach and the resulting damages, and that damages existed. Therefore, Plaintiff has sufficiently stated a cause of action for negligent training within the Fourth Amended Complaint, to withstand Defendant's Motion to Dismiss.

However, even though Plaintiff's Fourth Amended Complaint facially satisfies the requirements for pleading a cause of action for negligent training, this Court finds that Defendant is immune under the public duty doctrine exception to the waiver of sovereign immunity, as contained in Florida Statute § 768.28. Plaintiff's Fourth Amended Complaint alleges that Defendant owed a duty to decedent TyRon Lewis to properly train law enforcement officers. However, this Court finds nothing to support Plaintiff's allegations that Defendant owed a specific duty to decedent

TyRon Lewis to properly train law enforcement officers.

The public duty doctrine exception states that a governmental entity is not liable for the commission of a tort for breaching a duty owed to the public at large. *Seguine,* 627 So.2d at 17. In order to be liable for the commission of a tort, the government must have breached a specific duty owed directly to an individual, not the community at large. *Id.* The public duty doctrine exception is based on the "need to prevent the chilling of the law enforcement processes, as well as the availability of other remedies against private parties who initially created the danger which caused the damage." *Id.* (citing *Trianon Park Condominium Ass'n,* 468 So.2d 912 (Fla.1985)). While Plaintiff's Fourth Amended Complaint facially contains sufficient allegations to show the existence of some duty owed to the public at large by Defendant, which is sufficient to withstand Defendant's Motion to Dismiss, Plaintiff's Fourth Amended Complaint does not establish, and the Court is unable to find law supporting such a finding under the circumstances encountered in this case, that Defendant owed a specific duty to decedent TyRon Lewis to properly train law enforcement officers.

As this Court is unable to find that Defendant owed any specific duty to decedent TyRon Lewis, Defendant is immune from Plaintiff's claims of negligent training. As such, this Court finds that dismissal of all claims relating to the alleged negligent training of law enforcement officers must be dismissed.

### iv. General Claims of Negligence

In addition to claiming that Defendant negligently used excessive force, negligently decided to use a firearm, and negligently trained law enforcement officers, Plaintiff's Fourth Amended Complaint states that Defendant committed other acts of negligent conduct. Defendant requests that this Court dismiss Plaintiff's claims relating to other acts of negligent conduct

because Plaintiff has failed to sufficiently identify those acts.

In order to state a claim of negligence under Florida law, it is necessary to allege the existence of a duty, breach of that duty, causation, and damages resulting from the breach. *See Miller By and Through Miller,* 686 So.2d at 783–84. While Plaintiff alleges, within the Fourth Amended Complaint, that Defendant committed other acts of negligence than those listed in the Fourth Amended Complaint, Plaintiff has failed to allege the existence of any of the elements for negligence with regard to those alleged other negligent actions committed by Defendant. As Plaintiff has failed to allege the existence of a duty, a breach of that duty, causation, and damages regarding the other alleged negligent actions committed by Defendant, this Court finds that all claims related to other negligent actions committed by Defendant must be dismissed.

### B. Federal Claim

In addition to the state law claims asserted within Plaintiff's Fourth Amended Complaint, Plaintiff asserts that Defendant has violated 42 U.S.C. § 1983. Plaintiff states that Defendant deprived decedent TyRon Lewis, under color of state law, of rights, privileges, and immunities secured to decedent TyRon Lewis by the Constitution and laws of the United States. Plaintiff states that Defendant's alleged negligent use of excessive force and negligent law enforcement training evidences Defendant's policy of condoning the use of excessive force. According to Plaintiff, Defendant's departmental policy of condoning excessive force permitted and tolerated the existence of a pattern and practice of using excessive force by law enforcement officers. Plaintiff states that the alleged use of excessive force against individuals, including decedent TyRon Lewis, was "condoned and permitted" by Defendant. (Dkt.2). Plaintiff's Fourth Amended Complaint also states that Defendant was deliberately indifferent to the constitutional

rights of individuals that Defendant was charged with protecting through "its failure to investigate, prosecute, [and] discipline the subject officers who employed such improper acts" as using excessive force. (Dkt.2).

Defendant requests that this Court dismiss Plaintiff's allegations relating to an alleged violation of 42 U.S.C. § 1983, because Plaintiff's state law allegations of negligence do not establish a federal right or claim. Further, Defendant states that there is no respondeat superior liability for the alleged negligence committed by law enforcement officers.

In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the United States Supreme Court held that a federal court may not apply "heightened pleading standards" in a section 1983 action. As a result of the U.S. Supreme Court's finding in *Leatherman*, section 1983 actions are held to the same pleading standards as any other action. *See Leatherman*, 507 U.S. at 168, 113 S.Ct. 1160. Federal Rule of Civil Procedure 8(a)(2) states that "a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a "short and plain statement of the claim" that will give [the defendant] fair notice of what the [p]laintiff's claim is and the grounds upon which it rests.

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the depravation of any rights, privileges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purpose of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

In an action against a governmental entity, liability for a violation of 42 U.S.C. § 1983, may not be premised only on a theory of respondeat superior. *See Gilmere v. City of Atlanta*, 774 F.2d 1495, 1503 (11th Cir.1985). However, governmental entities may be liable under 42 U.S.C. § 1983, if the governmental entity deprives individuals of civil rights pursuant to a governmental policy or custom. *See Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir.1989). A local government may be held liable under 42 U.S.C. § 1983, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. Department of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In order to show liability under 42 U.S.C. § 1983, a single action taken by an individual with the authority to make policy may be sufficient to show official policies or customs, under certain circumstances. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). However, to withstand a motion for summary judgment, a plaintiff may be required to show other occurrences of the activity alleged to be the policy of the governmental entity. *See Searer v. Wells*, 837 F.Supp. 1198, 1201 (M.D.Fla.1993). In order to establish a policy or custom sufficient to impose municipal liability, it is generally necessary to show a persistent and widespread practice. *See Burnette v. Ciolino*, 750 F.Supp. 1562, 1564 (M.D.Fla.1990). In addition, a plaintiff must show that the

municipality had actual or constructive knowledge of the acts complained of. *See id.* Random acts or isolated incidents are normally not sufficient to show a policy or custom. *See Depew v. City of St. Marys,* 787 F.2d 1496, 1499 (11th Cir. 1986).

■ Plaintiff's Fourth Amended Complaint states that the alleged negligent use of excessive force against decedent TyRon Lewis, and alleged negligent training of law enforcement officers, establishes the existence of Defendant's departmental policy to condone the use of excessive force. Plaintiff states that the departmental policy of permitting the use of excessive force against individuals, including decedent TyRon Lewis, allowed a pattern and practice of excessive force to be used against the public by law enforcement. As Defendant tolerated this alleged pattern and practice of using excessive force, according to Plaintiff, Defendant has enacted a *de facto* policy and custom of using excessive force. Plaintiff states that Defendant was deliberately indifferent to the constitutional rights of individuals, including decedent TyRon Lewis, by failing to properly investigate, prosecute, and discipline law enforcement officers who employed improper acts.

In deciding Defendant's Motion to Dismiss, this Court must only consider, in a light most favorable to Plaintiff, the four corners of Plaintiff's Fourth Amended Complaint. After considering the allegations contained within Plaintiff's Fourth Amended Complaint, this Court finds that Plaintiff has sufficiently alleged a violation of 42 U.S.C. § 1983, to withstand a motion to dismiss. Plaintiff has alleged that Defendant: (1) acted under color of state law; and (2) deprived decedent TyRon Lewis of a right, privilege, or immunity secured by the Constitution or laws of the United States. Plaintiff alleges that Defendant acted under color of state law, pursuant to an official policy, custom, and practice of using excessive force and failing to train law enforcement officers.

■ As Defendant's Motion to Dismiss Plaintiff's allegations concerning a violation of 42 U.S.C. § 1983, must be denied, this Court will now address Defendant's alternative Motion for Summary Judgment. As this Court previously stated, summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Issues of fact are " 'genuine' only if a reasonable jury considering the evidence presented could find for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After considering, the pleadings, affidavits, admissions, answers to interrogatories, and relevant case law, this Court finds that Defendant's Motion for Summary Judgment, as to Plaintiff's 42 U.S.C. § 1983, claim, must be granted. The Court is satisfied that no genuine issue of material fact exists as to the liability of Defendant under 42 U.S.C. § 1983. This cause of action was originally filed in this Court in Case No. 8:97–CV–2854–T–17, in 1997. On February 25, 1998, Plaintiff voluntarily dismissed the action contained in Case No. 8:97–CV–2854–T–17. After voluntarily dismissing the federal action, Plaintiff re-filed the cause of action in state court on March 28, 1998. On December 22, 1999, Defendant was served with Plaintiff's Fourth Amended Complaint, which once again, alleged a federal cause of action. Defendant removed the state court action on January 20, 2000, to this Court. As a result of voluntary dismissal, re-filing, and amendment of complaints, this cause of action has been pending, in some fashion, since 1997. This Court finds that as a result of the manner in which this case has progressed, adequate time for discovery to support Defendant's Motion for Summary Judgment and Plaintiff's response, has been provided to both parties. In addi-

tion, even if adequate time for discovery was not provided, Plaintiff failed to object to Defendant's Motion for Summary Judgment by stating that adequate time for discovery was not provided. As adequate time for discovery was provided to the parties on this issue, this Court will address Defendant's Motion for Summary Judgment.

In support of Plaintiff's 42 U.S.C. § 1983, claim, Plaintiff states that one incident of alleged negligent use of excessive force by Officers Knight and Minor against decedent TyRon Lewis establishes Defendant's policy and/or custom of violating individuals protected constitutional rights. However, after viewing all of the evidence submitted, the Court finds that the alleged negligent use of excessive force against decedent TyRon Lewis was an isolated incident that cannot be said to create a custom or widespread practice of permitting and condoning the use of excessive force by law enforcement officers.

In addition to claiming that Defendant violated decedent TyRon Lewis' constitutional rights by using excessive force, Plaintiff claims that Defendant violated decedent TyRon Lewis' constitutional rights by failing to adequately investigate and discipline officers who have committed other acts of excessive force. (Dkt.22). Plaintiff has failed to submit anything to this Court to support this conclusory allegation. In opposition to summary judgment, Plaintiff submitted one affidavit. (Dkt.23). The affidavit submitted in opposition to summary judgment does not address the investigatory or disciplinary policies of Defendant, but instead merely addresses the alleged negligent use of excessive force committed by Officers Knight and Minor. As Plaintiff has failed to provide any evidence to support this allegation, the Court finds that summary judgment is appropriate. Accordingly, it is

**ORDERED** that Defendant, City of St. Petersburg's, Motion to Dismiss, (Dkt.4), be: **GRANTED** as to Plaintiff's state law claims alleging "unspecified acts of negligence"; be **GRANTED** as to Plaintiff's state law claims alleging "negligent use of excessive force"; be **GRANTED** with prejudice as to Plaintiff's state law claims alleging "negligent training"; and be **DENIED** as to Plaintiff's federal law claims alleging a violation of 42 U.S.C. § 1983. Defendant's alternative Motion for Summary Judgment, (Dkt.4), be **GRANTED** as to Plaintiff's federal claims alleging a violation of 42 U.S.C. § 1983; and be **DENIED** as moot as to all other claims. Defendant's Motion for Summary Judgment, (Dkt.16), be **DENIED** as moot. The Clerk of the Court be **DIRECTED** to enter Judgment as to Plaintiff's federal claims, brought under 42 U.S.C. § 1983, and dismiss all other claims consistent herewith.